Diane Elder GARZA, Plaintiff-Appellant,

v.

BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, et al., Defendants-Appellees.

No. 82–2017.

United States Court of Appeals, Fifth Circuit.

March 17, 1983.

Leonard J. Schwartz, Austin, Tex., for plaintiff-appellant.

Tony Martinez, Brownsville, Tex., for defendants-appellees.

Before WILLIAMS and JOLLY, Circuit Judges, and WILL *, District Judge.

* District Judge of the Northern District of Illinois, sitting by designation.

WILL, District Judge.

Plaintiff-appellant Diane Elder Garza (Garza) appeals from a decision of the District Court finding that the defendants had refused to hire her as the assistant principal of the Martin Elementary School (School), one of the schools in the Brownsville Independent School District (District) in August 1977 because of her sex and awarding her back-pay monetary damages but refusing to order the District to offer to her the next available comparable position. She contends that this refusal was an abuse of the court's discretion after finding that defendants had violated Title VII, 42 U.S.C. §§ 2000e, *et seq.*, by appointing a male to the position for which she was at least equally qualified because the principal of the School, defendant Martin, had a pre-existing preference for hiring a man rather than a woman to be his assistant, and after awarding her monetary damages for lost back-pay.

Several relevant facts should be noted. Defendants did not appeal the District Court's holding that the plaintiff had met her burden of proof under *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) and had established by a preponderance of the evidence that the defendants refused to appoint her because of her sex. Nor did they appeal the District Court's conclusion that she was "entitled to equitable relief in the form of an award of back pay." Also relevant is the fact that at the trial plaintiff did not seek to replace the male who was appointed to the position but merely the opportunity to secure the next available comparable appointment. Nor does she now seek to do so or to replace others who may have received comparable appointments in the intervening period, nor does she seek additional monetary damages for the fact that her compensation in the intervening period has been less than she would have received had she been appointed in August 1977 or that she is required to commute in excess of forty miles per day to avoid suffering even greater economic loss.

She asks only, as she did originally, that the District be ordered to offer her the next available position comparable to the one she was denied because of her sex. We agree that the refusal to grant her that relief was an abuse of discretion and remand the case for entry of such an order.

The trial judge, in his conclusions of law, acknowledged that the relief which he denied "is regularly granted and indeed is specified as an available remedy in 42 U.S.C. § 2000e–5(g)." He pointed out that, although such relief "would be the rule, circumstances peculiar to an individual case may justify an exception that would not undermine the purposes of the law." He then found such circumstances to exist. Specifically, he found that, although the plaintiff did not ask to replace the male who received the appointment, there were "serious difficulties" in her request that she be given the next available comparable position. In this connection he pointed out that the District had corrected the procedure which made the discrimination against the plaintiff possible. Under the procedure in effect in August 1977, as the trial judge found, "one man's subjective decision was virtually conclusive." That possibility had been eliminated.

He also stated that it was "not at all clear that had the two applicants gone through a natural selection procedure, Plaintiff would have necessarily prevailed." Accordingly, he concluded that it was not reasonable "to order more than four years later under substantially different circumstances, whenever an assistant principalship might be vacant, no matter at what school and no matter the sex, race or qualifications of other applicants, that the Defendants must nevertheless automatically give the job to the Plaintiff."

In this connection, he observed that the plaintiff had secured a position as an assistant high school principal at a lower salary although the difference in 1981 was only $400 per year. In light of the foregoing, the court concluded that "the wisest exercise of its discretion would be to deny the claim for reinstatement," but that this would not prevent the plaintiff from applying for a future position that might become vacant in the District and assumed that the District would evaluate her application fairly and impartially.

█ It is undisputed that District Courts have discretion to fashion fair and appropriate remedies in Title VII cases. This discretion, however, is to be exercised with a view to making victims of employment discrimination whole. Accordingly, reinstatement or hiring preference remedies are to be granted in all but the unusual cases. *Franks v. Bowman Transportation Co.,* 424 U.S. 747, 770–80, 96 S.Ct. 1251, 1266–72, 47 L.Ed.2d 444 (1976); *McCormick v. Attala County Board of Education,* 541 F.2d 1094 (5th Cir.1976). None of the reasons given by the District Court for denying hiring preference relief to plaintiff constitutes unusual or exceptional circumstances. The first, that the District had corrected its procedures to obviate discrimination in the future, is no basis for denying a plaintiff reinstatement or hiring preference relief. The proper remedy is that which makes the plaintiff whole. Defendant's change of its procedures to prevent future discrimination does not benefit plaintiff whom the court found had been discriminatorily treated under the old procedure.

█ The second reason was that giving plaintiff a future hiring preference might be unfair to potential applicants. That reason, if valid, would deny reinstatement on hiring preference to every victim of discrimination even though Title VII clearly contemplates such relief. Moreover, the Supreme Court has rejected this reason as a basis for denying reinstatement or hiring preference. *Franks v. Bowman Transportation Co., supra.*

The third reason, that plaintiff then possessed a job which the court considered almost as good as she would have enjoyed had she not been discriminated against and therefore did not need a hiring preference to make her whole, is not a value judgment properly within the discretion of the court. The plaintiff has a right to the opportunity to secure an appointment comparable to

that which she was discriminatorily denied. It is undisputed that the position which she held at the time of trial paid less and required more travel (some 40 miles each day) than the position which she sought and was denied or a comparable position which she might now be offered. In any event, on the record in this case, it is not in the court's discretion to determine that a hiring preference is unnecessary to make the employee who has been discriminated against whole.

Finally, the court found that it was not clear that the plaintiff would have been appointed absent discrimination. The difficulty with this finding as a basis for denying a future hiring preference is that the court found that plaintiff had established as required by *Burdine, supra,* that the defendants refused to hire her as assistant principal of Martin Elementary School in August 1977 because of her sex. In addition, it awarded her back-pay monetary damages.

The finding of discrimination is supported by the record and is not disputed by the defendants who have not appealed either that finding or the award of back-pay damages. Plaintiff is also entitled to the opportunity to obtain an appointment comparable to that which she was denied because of her sex. The case is remanded to the District Court for the entry of an order consistent herewith.

The order shall include costs and attorneys' fees to appellant for the appeal.

REVERSED AND REMANDED.