Romula ALANIZ, Plaintiff,

v.

**SAN ISIDRO INDEPENDENT SCHOOL DISTRICT, et al., Defendants.**

**Civ. A. No. B–80–40.**

United States District Court, S.D. Texas, Brownsville Division.

Oct. 7, 1983.

Robert E. Hall, Bob Hall & Associates, Houston, Tex., for plaintiff.

C.H. Duvall, Roma, Tex., for defendants.

## MEMORANDUM OPINION

KAZEN, District Judge.

On June 17, 1983, Plaintiff received a favorable jury verdict to the effect that in July 1979 she was discharged from her long-held position with the Defendant school district because of her political activities and associations. The jury further found that she would not have been discharged for any other reason and awarded her $50,000.00 as compensation for mental anguish and emotional distress caused by the violation of her constitutional rights, exclusive of any damages for lost wages. Thereafter Plaintiff filed a motion for judgment. Defendants filed a motion for judg-

ment notwithstanding the verdict and a motion for remittitur. Because these motions raised difficult questions as to the exact scope of relief that should be afforded to a plaintiff in this situation, the Court heard extensive oral argument from the attorneys and additional evidence on September 8, 1983. Based on those arguments and subsequent research of pertinent authorities, the Court will now dispose of the pending motions.

Defendants' motion for judgment notwithstanding the verdict is DENIED. The standard for judgment j.n.o.v. is "whether reasonable men could, under any theory submitted to the jury, have resolved the dispute as the jury did." *Stokes v. Delcambre*, 710 F.2d 1120 at p. 1124 (5th Cir. 1983) (quoting *Thompson v. Bass*, 616 F.2d 1259, 1267 (5th Cir.1980), *cert. denied* 449 U.S. 983, 101 S.Ct. 399, 66 L.Ed.2d 245 (1980)). The Court is satisfied that there was sufficient evidence to support the jury verdict. Certainly it cannot be said that no reasonable jury could have found as this jury did on Issues One and Two.

■ The motion for remittitur is likewise DENIED. The jury's award of damages cannot be disturbed unless it is "entirely disproportionate to the injury sustained." *Caldarera v. Eastern Airlines, Inc.*, 705 F.2d 778, 784 (5th Cir.1983). A court should not order remittitur unless the award is so large as to "shock the judicial conscience," "so gross or inordinately large as to be contrary to right reason," so exaggerated as to indicate "bias, passion, prejudice, corruption, or other improper motive," or which clearly exceed[s] that amount that *any* reasonable man could feel the claimant is entitled to. *Id.* (footnotes omitted). While the award of the jury is perhaps higher than this Court would have awarded, it is not so great or so excessive as to reflect passion or bias nor is it so great as to warrant interference with the jury's findings. The evidence reflected that the Plaintiff held her position with the school district for some twenty years prior to being discharged. She lived and worked in an extremely small South Texas communi-

ty and was discharged under circumstances which branded her as an incompetent. She was unable to find other employment and remained unemployed through the trial, some four years later. Her position of substantial responsibility was filled by a young man who essentially worked as a clerk in the office and who was thereafter given a sizeable raise in salary. The proffered explanation for this result, which explanation was necessarily rejected by the jury, was that the Plaintiff was untrainable in new and efficient ways of handling office affairs.

■ Although not found in the motion for remittitur, Defendants' "Objections to Plaintiff's Motion for Judgment" also claims for the first time that the sum of $51,016.96 to be awarded to the Plaintiff as back pay to the date of the trial is also somehow excessive. This claim is curious in that the figure was determined by stipulation between the parties and therefore was not even submitted to the jury. Instead the parties stipulated in open court that if the Plaintiff received a favorable jury verdict, a sum of $51,016.96 would automatically be added to whatever figure was inserted by the jury in response to Issue No. Three. This Court will not now disturb that stipulation.

■ The most serious argument raised by the Defendants concerns the remedy of reinstatement, considering the fact that this Plaintiff was employed under a contract and that the award of back pay would essentially compensate her through the unexpired term of that contract. At the time of her discharge, in July 1979, the Plaintiff was working under a contract which began July 1, 1978 and, by its terms, ended on June 30, 1981. That contract specified a salary of $1,092.50 per month. Defendants strenuously argue that by compensating Plaintiff for back pay under the terms of this contract, they have essentially paid off the contract. To also reinstate the Plaintiff would, according to the Defendants, amount to "double damages".

While this argument clearly has a surface appeal, the Court is now convinced

that it is contrary to legal precedent. As recently as last month, the Fifth Circuit repeated that reinstatement is normally "an integral part of the remedy for a discharge which contravenes the first amendment." *Bueno v. City of Donna,* 714 F.2d 484, at p. 495 (5th Cir.1983). Thus the prevailing plaintiffs in that case were reinstated although they also recovered back pay and general damages. In a recent Title VII case, the Fourth Circuit reversed a trial court decision which limited plaintiff's relief to the unpaid balance of her one-year teaching contract and denied reinstatement. The Fourth Circuit held that this was an improper restriction, finding that Congress intended Title VII relief to be similar to that historically awarded under the National Labor Relations Act. Under the latter, "the back pay period for an unlawfully terminated employee commences with the date of discharge and continues until the employer makes a valid offer of reinstatement." *Edwards v. School Board of City of Norton, Virginia,* 658 F.2d 951, 954 (4th Cir.1981). In turn it has been held that the equitable remedies fashioned in § 1983 employment cases are those comparable to relief granted in Title VII cases. *See Gurmankin v. Costanzo,* 626 F.2d 1115, 1120–21 (3rd Cir.1980), *cert. denied,* 450 U.S. 923, 101 S.Ct. 1375, 67 L.Ed.2d 352 (1981). *See also Harkless v. Sweeny Independent School District,* 427 F.2d 319, 324 (5th Cir.1970) *cert. denied,* 400 U.S. 991, 91 S.Ct. 451, 27 L.Ed.2d 439 (1971) (reinstatement and back pay an "inextricable part of the restoration to prior status").

In *Pred v. Board of Public Instruction of Dade County, Florida,* 415 F.2d 851 (5th Cir.1969), the Fifth Circuit rejected an argument that if a teacher's contract is simply allowed to expire, a school board could not be liable for a violation of Section 1983 although the action was allegedly taken in retaliation for protected speech uttered by the teacher. The school board argued essentially that reinstatement would be tantamount to granting tenure to the teacher. The Fifth Circuit replied that this argument "misconceives the whole thrust" of the case. The court added:

"The right sought to be vindicated is not a contractual one, nor could it be since no *right* to reemployment existed. What is at stake is the vindication of constitutional rights—the right not to be punished by the State or to suffer retaliation at its hand because a public employee persists in the exercise of First Amendment rights." 415 F.2d at 856.

Likewise the issue before this Court is not breach of contract, but rather vindication of First Amendment rights. Defendants have not demonstrated that there exists any unusual or exceptional circumstances which would make an award of reinstatement unjust. The Court therefore concludes that Plaintiff is entitled to reinstatement in addition to back pay.

█ The next issue involves the terms and conditions of Plaintiff's employment after reinstatement. In this respect the Court is mindful that reinstatement is equitable in nature, a tool available to the Court in the exercise of its discretion to fashion fair and appropriate remedies in these cases. The Court is to exercise its discretion, "with a view to making victims of employment discrimination whole." *Garza v. Brownsville Independent School District,* 700 F.2d 253, 255 (5th Cir.1983). Plaintiff proposes that, to be made whole, she should be reinstated to a position with the school district for at least a period of 23 months, the approximate unexpired term of the written contract of employment under which she was working at the time of her discharge. The Court has concluded that this would indeed be the proper approach to make Plaintiff whole. In that connection, Plaintiff shall be awarded additional back pay at the old contract rate of $1,092.50 per month for the months of July through October 1983. The reinstatement shall be effective November 1, 1983 for a period of 23 months.

The final issue relates to Plaintiff's compensation and responsibilities during the period of reinstatement. While the principle of reinstatement is clearly established by precedent, there is very little guidance for handling the practical problems in-

volved when the Plaintiff is entitled to reinstatement after a hiatus of several years. In the case of classroom teachers, the situation is relatively uncomplicated inasmuch as they are compensated on a standard scale which makes determination of their new salary quite easy. In this case, however, after Plaintiff was discharged, the school board reorganized her office, separating the function of business manager from that of tax assessor-collector. The new business manager, Jose Rodriguez, holds a masters degree and is being paid $21,000.00 annually. Leo Olivares, the former clerk who worked under Plaintiff, is apparently the assistant to Mr. Rodriguez and draws an annual salary of $18,500.00. According to Superintendent Hinojosa, this figure is substantially above the state minimum for such an administrative position. As best as can be determined from the evidence, Olivares is now performing essentially the same function that Plaintiff used to perform and presumably would still be performing but for her wrongful discharge. Notwithstanding the disparity in experience between the two, the Court concludes that it would not be unfair to Plaintiff to order the Defendants to reinstate her at the same salary now being paid to Olivares, namely $18,500.00 per year. Because the office is now structured differently, the Court declines to spell out precisely what title or duties the Plaintiff must be given. The Defendants will be enjoined to make a good faith effort to give the Plaintiff duties and responsibilities commensurate with her experience and her salary.

The foregoing Orders will be reflected in a separate judgment and injunction to be filed in this cause.