**Romula ALANIZ, Plaintiff-Appellee,**

v.

**SAN ISIDRO INDEPENDENT SCHOOL DISTRICT, et al.,**
**Defendants-Appellants.**

No. 83–2657
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Sept. 24, 1984.

Rehearing Denied Oct. 24, 1984.

---

**208**

Guerra, Duvall & Medrano, C.H. Duvall, Roma, Tex., for defendants-appellants.

Robert E. Hall, Houston, Tex., David M. Silberman, Bredhoff & Kaiser, Robert M. Weinberg, Washington, D.C., for plaintiff-appellee.

Before RUBIN, RANDALL, and TATE, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

A deputy tax assessor-collector appointed by a school district brought this action under 42 U.S.C. § 1983 alleging that the school district violated her first amendment rights by discharging her from her job as Deputy Tax Assessor-Collector because of her political activities. At the conclusion of the trial, the jury found that a substantial or motivating factor in the District's decision to discharge plaintiff was her political activities and associations and awarded her $51,016.96 in lost wages plus an additional $50,000 in compensatory damages. The district court entered judgment for the plaintiff, and issued an injunction requiring the school district to reinstate her and to expunge from the record the facts relating to her discharge. The School District appeals from the decisions of the district court. Finding the jury verdict supported by substantial evidence and finding no error in the court's actions, we affirm.

The reasons given by the district court in its opinion, published in 589 F.Supp. 17 (S.D.Tex.1984), adequately support the injunction and the judgment. The only issue we address here is that most labored on appeal, whether there was sufficient evidence to support the jury's finding that a substantial or motivating factor in the School District's decision to fire Romula Alaniz, the plaintiff, was her political activities or associations. The standard for appellate review of a jury's verdict is well established. "The verdict must be upheld unless the facts and inferences point so strongly and so overwhelmingly in favor of one party that reasonable men could not arrive at any verdict to the contrary."[1] In making this determination, the court must "accept all evidence in favor of the verdict as true and ... give such evidence the benefit of all permissible inferences that would help sustain the jury's decision."[2]

Construed, as it must be, most favorably to the prevailing party, the record contains evidence more than ample to support the jury's finding that Ms. Alaniz's dismissal was politically motivated. Political patronage was a way of life in the San Isidro School District, a rural community, with unemployment in excess of fifty percent. The School District is the county's principal employer, and, according to the testimony of the Board president, the basis for politics in San Isidro is to get a job.

For nearly thirty years, the Board of Trustees of the District was controlled by one of two political parties, known as the "New Party." Ms. Alaniz's brother-in-law lead this party, and she actively supported its policies and candidates. In 1979, her husband was one of the New Party candidates. He and his cohorts were defeated in the election for the Board of Trustees.

The first business day after the election, the new Board president came to the School District Office and demanded the

1. *Western Co. of North America v. United States,* 699 F.2d 264, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 237, 78 L.Ed.2d 228 (1983); *Fairley v. American Hoist & Derrick Co.,* 640 F.2d 679, 681 (5th Cir.1981).

2. *Little v. Green,* 428 F.2d 1061, 1066 (5th Cir.), *cert. denied,* 400 U.S. 964, 91 S.Ct. 366, 27 L.Ed.2d 384 (1970).

employment contracts of all teachers and administrators in the District. Shortly thereafter, the Board removed the school attorney, the board secretary, the superintendent, the tax assessor, twelve teacher's aides, and Ms. Alaniz. Ms. Alaniz had graduated from business college and had held her position with the School District for more than twenty years. She was replaced by a man with only a high school education and no bookkeeping experience.

Although the School District introduced evidence attempting to show that Ms. Alaniz was discharged for failing to perform her job in compliance with the applicable state guidelines, the jury did not find this evidence persuasive. So long as there is any competent and substantial evidence in the record that supports the verdict, an appellate court will not overturn the jury's determination, even if contradictory evidence has been presented.[3] Measured by this standard, there was sufficient evidence in the record to support the jury's findings.

For these reasons and for the reasons set forth in the district court opinion, 589 F.Supp. 17 (S.D.Tex.1984), we AFFIRM.

---

**3.** *Gross v. Black & Decker (U.S.), Inc.,* 695 F.2d 858, 865 (5th Cir.1983); *Boeing Co. v. Shipman,* 411 F.2d 365, 376 n. 16 (5th Cir.1969) (en banc).