Sulochana MANDHARE

v.

W.S. LaFARGUE ELEMENTARY SCHOOL, the Lafourche Parish School Board, the Parish of Lafourche.

Civ. A. No. 83–1141.

United States District Court, E.D. Louisiana.

March 29, 1985.

Dorothy Waldrup, Lambert & Waldrup, New Orleans, La., Risley C. Triche, Triche, Sternfels & Nail, Napoleonville, La., for plaintiff.

Ralph R. Alexis, III, Porteous, Hainkel, Johnson & Sarpy, New Orleans, La., for defendants.

## REASONS FOR JUDGMENT

LIVAUDAIS, District Judge.

Plaintiff, Sulochana Mandhare, a female of Asian (India) origin, filed suit against defendants, W.S. LaFargue Elementary School, the Lafourche Parish School Board and the Parish of Lafourche, alleging that defendants discriminated against her by denying her re-appointment for the 1981–1982 school year because of her national origin, in violation of Title VII of the Civil Rights Act of 1964. At trial it was stipulated that the Lafourche Parish School Board is the proper defendant in this case. The School Board contends that plaintiff was terminated, or not re-employed because her heavy accent and speech patterns and grammar problems prevented her from effectively communicating with primary school students.

Plaintiff obtained her Bachelor's of Arts degree and Bachelor's of Education degree in 1957 and 1964, respectively, in India and in 1972 she received a Master's of Education from Loyola University in New Orleans, Louisiana. In 1979 she received certification as a school librarian from Nichols State University at Thibodaux, Louisiana. Plaintiff served as a librarian at J.B. Maitland Elementary School for one year before she applied for employment as a librarian with the Lafourche Parish School Board, a school system which has direct jurisdiction over W.S. LaFargue Elementary School, its principal and teachers, and which employs

more than fifteen persons on a regular annual basis. Plaintiff was employed by the Board as a librarian at the W.S. LaFargue Elementary School during the school year of 1980–81. W.S. LaFargue Elementary School is an elementary school serving kindergarten through second grade.

In July 1981, plaintiff was notified that she would not be re-appointed for the 1981–82 school year because of her inability to communicate well in English. On August 11, 1981 plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), alleging discrimination based on national origin, Asian (India), and on December 9, 1982 the U.S. Department of Justice issued plaintiff a right to sue letter after a determination was made by the EEOC on August 31, 1982 that there was reasonable cause to believe that the charge by plaintiff was true. Plaintiff timely filed suit on March 9, 1983.

Defendant's articulated basis for not renewing plaintiff's employment contract was that plaintiff had a communication problem because of her heavy accent and speech patterns which prevented her from effectively communicating with primary school students. Defendant explained that a part of plaintiff's job was to tell stories to the children and to introduce them to the library and her failure to master the English language inhibited her ability to perform these tasks. Defendant also explained that as a non-tenured teacher, plaintiff was under contract for a year at a time for three years and that within her year of employment with LaFargue Elementary she was periodically observed and notified that she needed to work on improving her English. Mr. Oneid Andras, the principal of LaFargue Elementary, prepared an evaluation of plaintiff based on these observations. In this evaluation Andras stated that plaintiff did an excellent job of organizing, categorizing and preparing library materials. He also stated that she needed to improve her English as students and teachers were having difficulty understanding her. Lastly, Andras stated that he believed plaintiff would do an excellent job at a school where her speech and story telling skills would not be so critical.

On April 30, 1981, Andras again evaluated plaintiff's skills and at this time he recommended that she not be re-employed at LaFargue Elementary because her problems with speech and grammar made it difficult for her to be understood by students and teachers. He again commented that he believed that plaintiff would do an excellent job at a school where her speech, grammar and story telling would not be so critical.

Jeffrey LeBlanc, Superintendent of Schools for Lafourche Parish, asked plaintiff to meet with him to discuss the possibility of her requesting a transfer. At the suggestion of LeBlanc, plaintiff requested that she be transferred to another school and LeBlanc recommended to the Board that plaintiff be appointed at Thibodaux Junior High School, as a librarian. Unfortunately, the School Board did not heed LeBlanc's recommendation and the Board voted not to appoint plaintiff. This was the first time the Board had not approved one of his recommendations for appointment. After going into executive session, the Board reconvened in public session and accepted all listed appointments recommended by the Superintendent except the appointment of (p) (Exhibit P–4 at 6). No name was mentioned at the public session. The minutes of the meeting reflect that (p) was Mrs. Sulochana Mandhare. Testimony was adduced to the effect that the Board in executive session was concerned over plaintiff's possible communication difficulty with small children, notwithstanding the fact that her recommended appointment was to a Junior High School. There was other testimony to the effect that when plaintiff's name came up in this executive session someone mentioned that she was a foreigner and some people had a hard time understanding her. There was no testimony concerning the failure to state plaintiff's name and prospective position when the Board resumed public session, a conspicuous sheepish action.

This court has jurisdiction of this case under 42 U.S.C. § 2000(e) et seq. and 28 U.S.C. § 1331. The defendant qualifies as an employer under 42 U.S.C. § 2000(e). The statutory conditions precedent to instituting this suit have been complied with by plaintiff.

The United States Court of Appeals, Fifth Circuit has set forth the requisites for evaluation of this case. In *Lyford v. Schilling,* 750 F.2d 1341, 1344 (5th Cir., 1985) the court states:

"... Plaintiff misunderstands the nature of review given a Title VII case that has been fully tried on the merits. The three-step analysis of prima facie case, rebuttal, and showing of pretext defined by *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), is not the proper method of evaluating such a case. *Williams v. Southwestern Bell Telephone Co.,* 718 F.2d 715, 717 (5th Cir.1983); see *e.g. Wall v. National Railroad Passenger Corp.,* 718 F.2d 906, 908–09 (9th Cir.1983). As the Supreme Court stated in *United States Postal Service Board of Governors v. Aikens,* 460 U.S. 711, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983):

[w]hen the defendant fails to persuade the district court to dismiss the action for lack of a prima facie case, and responds to the plaintiff's proof by offering evidence of the reason for the plaintiff's rejection, the fact finder must then decide whether the rejection was discriminatory within the meaning of Title VII. At this stage, the *McDonnell-Burdine* presumption "drops from the case," and "the factual inquiry proceeds to a new level of specificity." The "factual inquiry" in a Title VII case is "whether the defendant intentionally discriminated against the plaintiff." (citations omitted).

Once the parties have introduced all their evidence, the district court, as in every civil case, must decide whether plaintiff has proved by a preponderance of the evidence that defendant violated Title VII by intentionally discriminating against her. This burden may be satisfied by "persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proferred explanation is unworthy of credence." *Burdine,* 101 S.Ct. at 1095, quoted in *Aikens,* 103 S.Ct. at 1482."

■ Defendant's contention that its legitimate reason for plaintiff's termination or non appointment was that she had a communication problem because of her accent which prevented her from effectively communicating with primary school students is a feigned contention. Plaintiff was not being considered for a position which would require such communication. She was to be appointed librarian at a Junior High School, a position for which it was established that she was eminently qualified.

The ultimate issue, discrimination *vel non,* is treated the same as any other issue of fact. *Aikens,* 103 S.Ct. at 1482. Defendant's explanation of its motivation is unworthy of credence. Plaintiff is entitled to relief.

42 U.S.C. § 2000e–5(g) provides in pertinent part that upon the finding of an unlawful employment practice, "the court may ... order such affirmative action as may be appropriate, which may include, but is not limited to reinstatement or hiring of employees, with or without back pay ... or any other equitable relief as the court deems appropriate," and that "[i]nterim earnings or amounts earnable with reasonable diligence by the person ... discriminated against shall operate to reduce the back pay otherwise allowable." As stated by the Supreme Court in *Albemarle Paper Company v. Moody,* 422 U.S. 405, 418, 95 S.Ct. 2362, 2372, 45 L.Ed.2d 280 (1975), "it is also the purpose of Title VII to make persons whole in injuries suffered on account of unlawful employment discrimination. This is shown by the very fact that

Congress took care to arm the court with full equitable powers."

In the instant case, the fashioning of an appropriate remedy for the defendant's unlawful discrimination against plaintiff presents an apparently unique problem. Plaintiff was non tenured and had she served that second year as librarian at a Junior High School the possibility remained that she might not have been recommended for re-appointment for a third year of employment. Further, she might not have been granted tenure after a third year. Throughout these proceedings plaintiff has persisted in her desire to be re-instated.

■■■ Had plaintiff not so persisted the court would conclude that an award of back pay, at least for the 1981–1982 school year subject to credits established by the evidence, would be consistent with the purposes of Title VII. Upon consideration, the Court concludes that a reasonable remedy consistent with the purposes of Title VII to make persons whole for injuries suffered on account of unlawful employment discrimination, and considering the relative merits and all aspects of this case, is to order reinstatement without back pay, in this manner. The Lafourche Parish School Board shall, for the 1985–1986 school year, reinstate plaintiff to employment as librarian at a Junior High School, or with the mutual consent of the parties, at any other type of school, within its school system. This employment shall be subject to the terms and conditions of plaintiff's initial employment by defendant and this employment shall be considered plaintiff's second year of employment in the defendant school system. *Garza v. Brownsville Independent School Dist.*, 700 F.2d 253, 255 (5th Cir.1983). The statute, 42 U.S.C. § 2000e–5(g), does not provide that other equitable relief as the court may deem appropriate may be ordered in addition. It provides that such may be ordered in the alternative.

The statute does provide for prevailing party attorney's fees. 42 U.S.C. § 2000e–5(k). At a subsequent hearing plaintiff's attorneys submitted materials relevant to such an award, their contemporaneous time records and hours claimed. The court's discretion in awarding fees must be exercised within evidentiary bounds and in accord with the dictates of *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The ultimate goal is to award fees "adequate to attract competent counsel but which do not produce windfalls." *Hensley*, 103 S.Ct. at 1938 n. 4 (quoting S.Rep. No. 94–1011, p. 6 (1976).

■■ In this case plaintiff engaged the services of two attorneys, which has resulted in some duplicative effort and time expended, which will be adjusted accordingly. Defendant is not called upon to pay each attorney for performing services where the services of one would be sufficient. As a starting point the court will consider the number of hours reasonably expended on the litigation, excluding those claimed but not reasonably expended, and multiply the result by a reasonable hourly rate. *Hensley*, 103 S.Ct. at 1939.

Plaintiff's exhibit Fee 1 received at the hearing on damages and attorney's fees consists of the contemporaneous time records of Ms. Dorothy Waldrup and that of Risley C. Triche, Esq., plaintiff's two attorneys. For the reasons explained, the Court will adjust these records, as follows:

Ms. Waldrup's items:

02–22–84 research, etc., from 6 to 2 hours, excessive;

02–23–84 editing, etc., from 3 to 1 hour, excessive;

02–28–84 depositions, etc., from 6 to 2 hours, duplicative;

12–04–84 preparation for trial, etc., from 5 to 0 hours, repetitious;

12–05–84 preparation for trial from 6 to 2 hours, excessive and repetitious;

12–05–84 trial preparation and court appearance, etc., from 10 to 4 hours, duplicative;

12–07–84 trial appearance, from 7 to 4 hours, duplicative;

01–10–85 review of case law, from 2 to 0 hours, excessive;

01–10–85 review of trial notes, etc., from 5 to 1 hour, excessive;

01–14–85 draft, etc., from 4 to 0 hours, excessive and cumulative to 1–10–85 4 hour item.

This adjustment reduces the number of hours claimed by Ms. Waldrup from 157.80 to 119.80, which the court deems to be reasonable and proper.

Mr. Triche's items:

02–21–84 meeting with Dorothy Waldrup from 6½ to 0 hours, duplicative;
02–28–84 depositions in Thibodaux, from 3½ to 2 hours, duplicative;
12–06–84 trial, etc., from 14 to 8 hours, duplicative;
12–07–84 trial, etc., from 8½ to 6 hours, duplicative;
02–23–84
03–02–84
03–03–84 items for office employee time are disallowed
11–26–84
12–03–84

This reduces the number of hours claimed by Mr. Triche from 89 hours to 73½ hours, which the court deems to be reasonable and proper and to which will be added the 4½ hours claimed for 12–03–84 services by his associate attorney Mr. Bourgeois.

Having determined the number of hours reasonably expended the court must multiply that by a "reasonable hourly rate." *Hensley*, 103 S.Ct. at 1939. Reasonable fees "are to be calculated according to the prevailing market rates in the relevant community" that is "those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson,* — U.S. —, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 & n. 11 (1984).

■ Criteria set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir.1974) were touched upon at the hearing on damages and attorney's fees and the court concludes that a reasonable hourly rate for the services of Ms. Waldrup would be $90.00 and for Mr. Triche $100.00. The 4½ hours claimed for 12–03–84 services by Mr. Triche's associate at $85.00 is appropriate. In making this conclusion the court has weighed the experience and reputation of the attorneys, the fact that Mr. Triche was lead trial counsel and has considered awards made in similar cases in this entire court.

■ Finally the court must consider the degree of success obtained that is, the extent to which plaintiff prevailed in the litigation. *Hensley*, 103 S.Ct. at 1938–1939, 1941. Where a plaintiff has been only partially successful, the court "may attempt to identify specific hours that should be elimi-

nated, or it may simply reduce the award to account for the limited success." *Hensley*, 103 S.Ct. at 1941; *Davis v. West Community Hospital*, 755 F.2d 455 at 468 (5th Cir.1985). The court opts the latter and concludes that the award should be reduced 25%. Here plaintiff sought back pay, reinstatement, general and equitable relief and attorney's fees. Plaintiff did not prevail on that significant claim for relief, back pay, nor did she prevail on the request for general and equitable relief.

Thus, Ms. Waldrup would be entitled to an attorney's fee in the sum of $8,086.50 (119.80 × $90 – 25%) and Mr. Triche to an attorney's fee in the sum of $5,799.38 (73.5 × $100 + 4.5 × $85 – 25%).

Judgment will be entered in favor of plaintiff Sulochana Mandhare, and against defendant, Lafourche Parish School Board, directing that defendant, for the 1985–1986 school year reinstate plaintiff to employment as a librarian at a Junior High School, or with mutual consent of plaintiff and defendant, at any other type of school within defendant's school system, such employment to be subject to the terms and conditions of plaintiff's initial (1980) employment by defendant and such employment to be treated and considered plaintiff's second year of employment in the defendant school system. Further, that defendant pay plaintiff attorney's fees in the sum of $8,086.50 for services rendered by Ms. Dorothy Waldrup and $5,799.38 for services rendered by Risley C. Triche, Esq. Plaintiff shall recover costs of these proceedings.