Ruth **ELLIS**, Appellant,

v.

**RINGGOLD SCHOOL DISTRICT**, Appellee.

No. 87–3092.

United States Court of Appeals, Third Circuit.

Submitted Pursuant To Third Circuit Rule 12(6) Aug. 19, 1987.

Decided Oct. 29, 1987.

Paul J. McArdle, Pittsburgh, Pa., for appellant, Ruth Ellis.

George B. Stegenga, Washington, Pa., for appellee, Ringgold School Dist.

Before GIBBONS, Chief Judge, and WEIS, Circuit Judge, and KELLY,* District Judge.

## OPINION OF THE COURT

WEIS, Circuit Judge.

After finding that defendant had discriminated against plaintiff when it declined to hire her as a permanent teacher, the district court granted partial back pay but failed to address her request for reinstatement. We will remand for a ruling on that issue. Furthermore, we observe that accepting employment in another field may be consistent with a duty to mitigate damages and not necessarily evidence of abandonment of one's profession.

Responding to special interrogatories, a jury found that defendant school district had been guilty of racial discrimination when it did not hire plaintiff as a permanent teacher in 1974. In a bench trial she was awarded $24,596.68 in lost earnings and $7,734.95 in attorney's fees.

In 1974 after receiving a provisional teaching certificate, plaintiff applied for a full-time teaching position with the Ringgold School District near her home in Donora, Pennsylvania. She was accepted as a "full-time substitute" and taught in the elementary school for the 1974–75 and 1975–76 terms. In August 1976, after a third denial of full-time status, plaintiff filed complaints with the EEOC and the Pennsylvania Human Rights Commission. The school district thereafter gave her only fifteen days of work as a part-time substitute.

* The Honorable James McGirr Kelly, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

In 1978 plaintiff found employment at a munitions plant and continued there until it closed in 1980. Her salary exceeded what she would have earned as a full-time teacher. In 1981 she taught at a private academy in Pittsburgh, but left after one semester because the position required that she commute fifty miles daily. Thereafter, until trial, plaintiff worked as a janitress and received compensation for acting as a foster parent. She also received twelve credits for post-graduate work she completed.

The court found that the difference between her actual earnings and what she would have received as a full-time teacher at Ringgold between 1974 and 1978 amounted to $24,596.68. Defendant does not dispute that calculation. Plaintiff made no claim for back pay during the period she worked at the munitions factory. No recovery was allowed for lost earnings after 1980.

At the conclusion of the evidence on damages, the trial judge commented, "Everyone will recognize that the testimony of the plaintiff on her obligation to mitigate has been very weak, and the testimony of the plaintiff on what amount she earned from other sources is weak and not very credible." In his memorandum opinion the judge wrote: "Plaintiff's voluntary relinquishment of a teaching position and her failure to explore several obvious avenues to employment preclude recovery for back pay following her lay off in 1980." The opinion did not discuss the plaintiff's request for reinstatement, and the final judgment did not include any reference to the subject.

Plaintiff did not file any request for modification of the judgment in the district court but instead appealed to this court. On appeal she contends that the district court erred in denying back pay through the date of the trial and in failing to direct reinstatement.

■ Once the jury found discrimination under Title VII of the Civil Rights Act of 1964, plaintiff became entitled to an appropriate remedy under 42 U.S.C. § 2000e–5(g). The statute provides that the court may "order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement ... with or without back pay ..., or any other equitable relief as the court deems appropriate." However, a plaintiff is required to mitigate damages: "Interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable."

In *Waddell v. Small Tube Products, Inc.*, 799 F.2d 69, 78 (3d Cir.1986), this court concluded that "[a]lthough back pay is an equitable remedy and its award is subject to the discretion of the district court, the court may not bar plaintiff when his conduct was reasonable under the circumstances." But in *Craig v. Y & Y Snacks*, 721 F.2d 77 (3d Cir.1983), we observed that the "statute does provide for a deduction from a back pay award for 'interim earnings' or 'amounts earnable with reasonable diligence.' Thus, a duty to mitigate damages is incorporated." *Id.* at 82 (citation omitted).

The district court applied the correct legal principles in considering the back pay award; therefore the plaintiff's objection to the issue on the amount of the judgment rests on factual findings which we may not overturn unless we are convinced they are clearly erroneous. Fed.R.Civ.P. 52. This is true particularly when, as here, the trial court based its findings on the credibility of a party. The judge's comments at the conclusion of the testimony reflected his reservations about the plaintiff's credibility when testifying about employment after 1980. On this record we cannot say that the district court's findings are clearly erroneous and therefore we must affirm the judgment on back pay.

The district court, however, did not resolve the reinstatement issue. The evidence established that at the time of trial plaintiff was qualified to teach in the Commonwealth of Pennsylvania. Her post-graduate studies, through which she earned an additional twelve credits at an accredited university, demonstrated her desire to continue in that field.

**30**

■ The school district contends that plaintiff abandoned her profession in 1978 when she took a higher paying position in industry, and therefore the trial court did not abuse its discretion in failing to direct reinstatement. The argument would have greater force if, in fact, the court had denied reinstatement. But the district judge did not discuss the subject. Silence in these circumstances does not amount to a finding of abandonment, nor even a ruling that reinstatement was refused. Failure to address the issue was most likely an oversight, which could have been called to the trial judge's attention by a motion for modification of the judgment under Fed.R. Civ.P. 59.

■ As noted earlier, plaintiff was responsible for mitigating her damages by seeking other employment. That obligation compels a plaintiff to seek "amounts earnable with reasonable diligence." *Craig v. Y & Y Snacks,* 721 F.2d at 82. The duty of mitigation may require that a plaintiff accept a lower paying position if one equivalent to that from which she was barred is unavailable. *Ford Motor Company v. EEOC,* 458 U.S. 219, 231 n. 16, 102 S.Ct. 3057, 3065 n. 16, 73 L.Ed.2d 721 (1982).

■ Standing alone, the fact that a plaintiff takes a job in an unrelated field to meet her obligation of mitigation should not be construed as a voluntary withdrawal from her former profession. Otherwise, a plaintiff would be put in the intolerable position of choosing between foregoing a source of earnings during the interim before trial or risking an adverse finding on abandonment of her profession.

Such a rule would also work to the disadvantage of employers because the scope of the mitigation obligation necessarily would be relaxed. It is conceivable that a plaintiff, wronged by discrimination, would decline to take a job that would substantially mitigate damages because such employment could be construed as an abandonment of her former vocation. Thus the abandonment argument, which the school district advances, would place plaintiff in an untenable economic position at the same time that it discourages efforts at mitigation. To prove abandonment of a profession, defendant must show more than that plaintiff merely secured alternative employment.

■ Reinstatement is the preferred remedy to avoid future lost earnings. *Maxfield v. Sinclair Int'l,* 766 F.2d 788, 796 (3d Cir.1985), *cert. denied,* 474 U.S. 1057, 106 S.Ct. 796, 88 L.Ed.2d 773 (1986). It is an obvious form of relief to make the plaintiff whole and to relieve the plaintiff of the effects of discrimination. Although within the discretion of the district court, a reinstatement order should be considered when requested by the plaintiff and when circumstances warrant its award. *See Garza v. Brownsville Independent Sch. District,* 700 F.2d 253 (5th Cir.1983). *See also Protos v. Volkswagen of America, Inc.,* 797 F.2d 129 (3d Cir.1986) (court ordered reinstatement as remedy for violation of Title VII by employer who failed to reasonably accommodate plaintiff's religious practices), *cert. denied,* —— U.S. ——, 107 S.Ct. 474, 93 L.Ed.2d 418; *Johnson v. Orr,* 776 F.2d 75 (3d Cir.1985) (reinstatement denied because plaintiffs no longer satisfied federal statutory requirement that they remain members of military unit), *cert. denied,* —— U.S. ——, 107 S.Ct. 107, 93 L.Ed.2d 56 (1986). However, the court may deny reinstatement to a plaintiff when, for example, animosity between the parties makes such a remedy impracticable. *Berndt v. Kaiser Aluminum & Chemical Sales, Inc.,* 789 F.2d 253, 261 (3d Cir.1986). Because the record does not reveal the district court's views on reinstatement, we shall remand the case so that the issue may be addressed.

Related to a reinstatement order is the question of seniority. In *Franks v. Bowman Transp. Co.,* 424 U.S. 747, 771, 96 S.Ct. 1251, 1267, 47 L.Ed.2d 444 (1976), the Court determined that seniority can be denied by the district court "only for reasons which, if applied generally, would not frustrate the central statutory purposes of eradicating discrimination throughout the economy and making persons whole for injuries suffered through past discrimina-

tion." But the Court cautioned: "We are not to be understood as holding that an award of seniority status is requisite in all circumstances. The fashioning of appropriate remedies invokes the sound equitable discretion of the district courts." *Id.* at 770, 96 S.Ct. at 1267. It follows that, if the district court in its discretion determines that plaintiff should be reinstated or hired as a full-time teacher in the Ringgold School District, the question of retroactive seniority should also be resolved.

The judgment of the district court in the amount of $24,596.68 and the order directing the payment of attorney's fees will be affirmed. The case will be remanded so that the district court may determine whether to direct reinstatement and, if so, whether to award retroactive seniority as well.