# United States Court of Appeals for the Fifth Circuit

———————————

No. 24-60419

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2025

Lyle W. Cayce
Clerk

Barry L. McMillian,

*Plaintiff—Appellant*,

*versus*

Aberdeen School District,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:22-CV-117

———————————————————————

Before Elrod, *Chief Judge*, and King and Graves, *Circuit Judges*.
James E. Graves, Jr., *Circuit Judge*:*

Barry McMillian was unlawfully terminated by Aberdeen School District in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. He appeals the district court's order denying his motion for reinstatement or, alternatively, front pay, contending that he is entitled to reinstatement to the next available position for which he is qualified. Because we agree with McMillian, we REVERSE and REMAND.

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60419

## I.

Aberdeen School District ("the District") is a small school district that consists of three schools. Barry McMillian, a black man, was formerly employed by the District as a general maintenance worker. Prior to his employment as a maintenance worker, he worked for the District as a cafeteria worker and janitor. He has a commercial driver's license, but it is not clear that he has ever worked for the District as a bus driver.

On August 16, 2021, McMillian was terminated from his employment with the District. He filed this lawsuit, alleging that he was terminated as retaliation for filing an Equal Employment Opportunity Commission ("EEOC") charge against the District, in violation of Title VII and Section 1981. The District maintained that McMillian was not unlawfully retaliated against, arguing that he was terminated for leaving work early. But after a two-day trial, the jury disagreed with the District, returning a verdict in McMillian's favor and awarding him back pay and compensatory damages. The District did not appeal the jury's finding as to liability or damages.

After the judgment was entered, McMillian filed a motion for reinstatement, or alternatively, front pay. In the motion, McMillian requested immediate reinstatement to his maintenance position with the District, or at least some other job with the District for which he is qualified, contending that it is "inconceivable" that the District would not have some job for him. Alternatively, McMillian requested five years of front pay at the salary rate he previously received as a maintenance man.

After receiving briefing from the parties, the district court held an evidentiary hearing on the motion. Several witnesses testified at that hearing. Notably, the Assistant Operations Manager in the maintenance department, Jason Roberson, testified that the District has filled the general maintenance worker position with another employee, Daniel Ott. The current

superintendent, Andrea Pastchal-Smith, also testified that the only available positions in the District are teaching positions and that the District lacks the funding to create new positions. The district court then issued an order denying both reinstatement and front pay. This appeal ensued.

## II.

Title VII and Section 1981 provide for equitable relief, such as reinstatement or front pay or "any other equitable relief as the court deems appropriate." 42 U.S.C. § 2000e-5(g)(1); *see also Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 460 (1975); *Bogan v. MTD Consumer Grp. Inc.*, 919 F.3d 332, 335 (5th Cir. 2019) ("*Bogan I*"). The district court's decision regarding its exercise of equitable power is subject to review for abuse of discretion. *Bogan I*, 919 F.3d at 335. Under that standard, "[a]n error of law or application of an incorrect legal standard" is an abuse of discretion. *Id.* However, "the factual findings that underlie the decision to grant or deny relief are reviewed only for clear error." *Id.* at 335-36.

## III.

Our cases contemplate that generally either reinstatement or front pay will be awarded to a prevailing plaintiff in a Title VII and Section 1981 case. *See id.* at 336 ("We have often said that the trial court's remedial discretion in this area involves the '*selection between* reinstatement and front pay.' The typical 'either/or' nature of this remedial choice is also seen in our statement that 'if reinstatement is not feasible, front pay is the appropriate award.'" (emphasis in the original) (citations omitted)).

"Reinstatement is the preferred equitable remedy." *Id.* Accordingly, a "district court must consider 'and adequately articulate' its reasons for finding reinstatement to be infeasible and for considering an award of front pay instead." *Palasota v. Haggar Clothing Co.*, 499 F.3d 474, 489 (5th Cir. 2007) (quoting *Julian v. City of Houston*, 314 F.3d 721, 729 (5th Cir. 2002)).

In determining whether reinstatement is feasible, the district court considers several factors, such as "whether positions now exist comparable to the plaintiff's former position"; "whether reinstatement would require an employer to displace an existing employee"; "whether the plaintiff has changed careers"; and "whether animosity exists between the plaintiff and his former employer." *Id.* A district court may consider reinstating a plaintiff into a different position if he is qualified and requests it. *See Woodhouse v. Magnolia Hosp.*, 92 F.3d 248, 257-58 (5th Cir. 1996) (finding the district court did not abuse its discretion in ordering a former Director of Admissions be reinstated into a clinical nursing position based on her qualifications, even though she had not served as a clinical nurse for fourteen years). But importantly, "except under extraordinary circumstances[,] . . . innocent incumbents may not be displaced." *Palasota*, 499 F.3d at 489.

There are "outlier situations" where neither form of equitable relief is appropriate. *Bogan I*, 919 F.3d at 337 (first citing *Hadley v. VAM P T S*, 44 F.3d 372, 376 (5th Cir. 1995) (leaving open the possibility of a plaintiff receiving neither reinstatement nor front pay based on a substantial punitive damages award); then citing *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 361-62 (1995) (concluding that an award of either reinstatement or front pay would be inappropriate when, after the employee had been terminated, the employer obtained evidence of serious employee misconduct that occurred pre-termination)); *see also Bogan v. MTD Consumer Grp., Inc.*, 839 F. App'x 832, 835 (5th Cir. 2020) ("*Bogan II*").

The district court perceived this to be one of those "outlier" cases and declined to award McMillian either reinstatement or front pay. In evaluating potential reinstatement, the district court did not find significant animosity between McMillian and his former supervisor, Willie Brandon. But the district court determined that McMillian's reinstatement was not feasible because "the position that McMillian previously held is no longer

available." The district court relied on the "credible" testimony of Superintendent Pastchal-Smith, who testified that there are currently no maintenance jobs available in the District, nor any other positions for which McMillian would be qualified. And based on this testimony, the district court explained: "[i]f McMillian were to be reinstated, it would force the District to either fire [the current general maintenance worker, Ott] or create another maintenance position—one which Pastchal-Smith testified that the District lacks funding for." Based on these alternatives, the district court found reinstatement infeasible. As to front pay, the district court determined it would be "inappropriate and excessive" because McMillian had already been awarded a substantial amount in damages and had obtained comparable employment shortly after his termination.[1]

On appeal, McMillian does not challenge the district court's denial of front pay.[2] Rather, he contends that the district court abused its discretion by not "reinstat[ing] [him] to the next available position for which he is qualified." The District counters that: (1) there is no authority in this Circuit for the proposition that the District must one day reinstate McMillian if a job comes open in the future; and (2) the district court correctly found that immediate reinstatement is improper because there is not an available position for which he is qualified and immediate reinstatement would require displacing Ott, an "innocent incumbent."

---

[1] McMillian had been terminated from this new position by the time of trial and has had difficulty finding employment since this termination.

[2] McMillian therefore forfeits any claim to front pay. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).

No. 24-60419

Initially, we find that while McMillian only requested *immediate* reinstatement before the district court,[3] he has not forfeited the argument that he is entitled to *future* reinstatement because the district court did not consider future reinstatement in its order. Under Federal Rule of Civil Procedure 54(c), "[e]very . . . final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." In accordance with this rule, our Court has concluded that when a party establishes a Title VII violation, potentially entitling him to a valid form of prospective equitable relief, it is incumbent upon the district court to conduct the requisite analyses, regardless of the party's presentation. *See Julian*, 314 F.3d at 729-30 (explaining that "the district court should have considered, as a threshold matter, whether [re]instatement was feasible," regardless of the parties' agreement that reinstatement was not feasible, and remanding for such consideration); *Reneau v. Wayne Griffin & Sons, Inc.*, 945 F.2d 869, 870-71 (5th Cir. 1991) (explaining that the plaintiff's "failure to expressly request front pay does not preclude the award" and remanding for such consideration).

Contrary to the District's argument, future reinstatement is a valid form of prospective equitable relief in this Circuit. In *Garza v. Brownsville Independent School District*, the plaintiff prevailed in an action establishing that the defendant school district refused to hire her because of her sex. 700 F.2d 253, 254 (5th Cir. 1983). Rather than seeking to displace the individual that the school district had hired, the plaintiff requested that she be offered the next available position comparable to the one she was denied. *Id.* at 254-55. The district court concluded that "the wisest exercise of its discretion would be to deny the claim for reinstatement" under these circumstances.

---

[3] *See generally Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 291 (5th Cir. 2019) (explaining that usually an argument cannot be raised for the first time on appeal).

*Id.* at 255. But our Court reversed, explaining that "reinstatement or hiring preference remedies are to be granted in all but the unusual cases" and "[n]one of the reasons given by the District Court for denying hiring preference relief to plaintiff constitutes unusual or exceptional circumstances." *Id.*

Since *Garza*, this Court has further considered plaintiffs' potential entitlement to future reinstatement. For example, in *Palasota v. Haggar Clothing Co.*, this Court evaluated a district court's decision to order the plaintiff's reinstatement to the next available sales associate vacancy in Dallas. 499 F.3d at 488. The Court began by discussing the typical reinstatement factors in assessing the feasibility of future reinstatement. *Id.* at 489. The Court then concluded that future reinstatement was not feasible in the plaintiff's case. *Id.* at 490. The Court reasoned that, based on the current construction of the employer's sales force, there was no comparable position to the plaintiff's former position to which he could be reinstated, and that reinstating him would require terminating another employee or decreasing each employee's sales territory and salary. *Id.* The Court further reasoned that the employer was anticipating more reductions in the future, that the employer's compensation structure would not allow it to restore the plaintiff's previous yearly earnings, that the plaintiff had changed careers, and that there was lingering animosity between the parties. *Id.* at 489-90.[4]

_____

[4] *See also Ray v. Iuka Special Mun. Separate Sch. Dist.*, 51 F.3d 1246, 1254-55 & n.6 (5th Cir. 1995) (stating in passing that "Ray's willingness to wait for his reinstatement" to a substantially similar position (which he requested) "is not dispositive," where there were no existing vacancies in the defendant school district and reinstatement would have required displacing an incumbent employee, Ray had secured substantially similar employment, and neither Ray's former principal position, nor any similar position, continued to exist because, due to consolidation of school districts, enrollment had nearly tripled).

The considerations counseling against future reinstatement in *Palasota* are not present in this case. There has been no argument that the District has fundamentally changed its employee compensation structure since McMillian's termination or that McMillian is moving towards a different career path. The District further has not explicitly argued that it is anticipating a future reduction of its maintenance department or of other low-skilled jobs. And as mentioned, the district court did not find sufficient animosity between the parties to justify denying reinstatement. Based on the evidentiary record, this factual finding was not clearly erroneous. *See Bogan I*, 919 F.3d at 335-36.

The district court did find that one of the factors present in *Palasota* was also present here. Specifically, the district court concluded that reinstating McMillian would require the District either to displace an innocent incumbent, Ott, or to create a new position. However, while immediate reinstatement of McMillian would require ousting an innocent incumbent or creating a new position, future reinstatement would not result in either of these outcomes.

The District urges that another *Palasota* factor is present here and prevents reinstatement: that there is no longer a position comparable to McMillian's former position. Specifically, the District argues that the general maintenance worker position now requires certifications in various trades. But there are two problems with this argument. First, there are likely more positions that McMillian is qualified for other than the general maintenance worker position, such as cafeteria worker, janitor, or possibly bus driver. *See Woodhouse*, 92 F.3d at 257-58. Second, the District argued below that the general maintenance worker position now requires certifications, but the district court rejected that argument. Viewing the evidentiary record, that finding was not clearly erroneous. *See Bogan I*, 919 F.3d at 335-36.

No. 24-60419

Considering all the reinstatement factors, we cannot conclude that this is the "unusual" case where a future reinstatement remedy should not be granted. *Garza*, 700 F.2d at 255. We leave to the district court to determine in the first instance what positions, other than general maintenance worker, McMillian may be qualified to be reinstated to in future. *See Woodhouse*, 92 F.3d at 257-58.

## IV.

For the reasons provided above, we REVERSE the district court's denial of McMillian's request for reinstatement, hold that McMillian should be reinstated into the next available position at the District for which he is qualified, and REMAND for consideration of what those positions might be.[5]

---

[5] In a motion that has been carried with the case, McMillian requested that we take judicial notice of the fact that Brandon is no longer employed at the District. Based on the forgoing, we DENY the motion as moot.