571 S.E.2d 89

Norma DREW, Petitioner,

v.

WAFFLE HOUSE, INC., Respondent.

No. 25532.

Supreme Court of South Carolina.

Heard May 14, 2002.

Decided Oct. 7, 2002.

James B. Richardson, Jr., of Richardson & Birdsong, of Columbia; and Samuel S. Svalina, of Svalina Law Firm, P.A., of Beaufort, for petitioner.

Weyman T. Johnson, Jr., Nancy E. Rafuse, David E. Gevertz, and R. Lawrence Ashe, Jr., all of Paul, Hastings, Janofsky & Walker, L.L.P., of Atlanta; and E. Mitchell Griffith, of Griffith, Sadler & Sharp, P.A., of Beaufort, for respondent.

### JUSTICE MOORE:

We granted a writ of certiorari to review the Court of Appeals' decision [1] reducing petitioner's damages award under the Family and Medical Leave Act (FMLA).[2] We affirm in part and reverse in part.

---

1. 341 S.C. 461, 534 S.E.2d 282 (Ct.App.2000).

2. 29 U.S.C. § 2615 et seq.

## FACTS

Petitioner Drew was employed by respondent Waffle House, Inc. as a restaurant manager in Hardeeville, South Carolina. In March 1993, she injured herself on the job while trying to secure a wind-blown sign in the restaurant parking lot. As a result, she had shoulder surgery for which she was authorized to take twelve weeks of leave from work. Although her supervisor authorized an extension of her leave, petitioner was fired for absenteeism when she reported back to work.

Petitioner subsequently commenced this action which ultimately resulted in a jury verdict in her favor on her cause of action alleging a violation of the FMLA. By agreement of the parties, damages were submitted to the trial judge for determination. Pursuant to the FMLA, the trial judge awarded petitioner $103,273 in back pay for her pre-trial loss of wages, plus prejudgment interest of $32,756.90. He further awarded petitioner $304,845.69 in "front pay." Finally, the trial judge applied 29 U.S.C. § 2617(a)(1)(A)(iii) which allows for an award of "liquidated damages" for an FMLA violation. He calculated the amount of liquidated damages by adding the amount of back pay, prejudgment interest, and front pay, for a total of $440,875.59 in liquidated damages.

On appeal, Waffle House contested the award of front pay claiming it was highly speculative because it was based on the assumption petitioner would have worked for Waffle House for another nineteen years until her retirement at age sixty-five. The Court of Appeals agreed and modified the front pay award from $304,845.69 to $84,251.80, based on four years of front pay rather than nineteen.

Waffle House further argued to the Court of Appeals that the front pay award should not have been included in the calculation of liquidated damages. The Court of Appeals agreed and reduced the liquidated damages award from $440,875.59 to $136,029.90.

## ISSUES

1. Was front pay properly included in the calculation of liquidated damages?
2. Was the amount of front pay proper?

## DISCUSSION

### 1. *Liquidated damages*

The FMLA provides specific statutory relief for a violation of its provisions. Under 29 U.S.C. § 2617(a)(1), an employer who violates the Act is liable to the employee:

(A) for **damages** equal to—

(i) the amount of—

(I) any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or

(II) in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses . . .;

(ii) the **interest on the amount described in clause (i)** calculated at the prevailing rate; and

(iii) an additional amount as **liquidated damages** equal to the sum of the amount described in clause (i) and the interest described in clause (ii) . . . .; and

(B) for such **equitable relief** as may be appropriate, including employment, reinstatement, and promotion.

(emphasis added).

Under this statute, the liquidated damages award is affected by whether front pay is classified as "damages" under clause (a)(1)(A)(i) or "equitable relief" under clause (a)(1)(B) because relief classified as equitable is not included in the calculation of liquidated damages. Citing federal case law, the Court of Appeals ruled front pay was equitable relief and therefore should not be included in the calculation of liquidated damages.

 The classification of front pay as legal or equitable relief impacts a substantial right of the plaintiff and therefore federal case law controls. *See Felder v. Casey,* 487 U.S. 131, 151, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988) (in ruling on federal causes of action, state courts have a constitutional duty to protect all the substantial rights of the parties under controlling federal law); *Johnson v. Fankell,* 520 U.S. 911, 117 S.Ct. 1800, 138 L.Ed.2d 108 (1997) (where application of state rule will produce a different outcome depending on whether

claim is brought in state or federal court, state rule is preempted). The Fourth Circuit Court of Appeals has specifically held front pay is equitable relief under § 2617(a)(1)(B) of the FMLA. *Nichols v. Ashland Hosp. Corp.*, 251 F.3d 496 (4th Cir.2001) *citing Cline v. Wal–Mart Stores, Inc.*, 144 F.3d 294 (4th Cir.1998); *accord Thorson v. Gemini, Inc.*, 205 F.3d 370 (8th Cir.2000).[3]

▮ Applying federal precedent, we hold front pay is equitable relief under clause (a)(1)(B). Because liquidated damages do not include equitable relief, the Court of Appeals properly excluded front pay from the calculation of liquidated damages.

### 2. Amount of front pay award

▮ The Court of Appeals held the front pay award for nineteen years was "highly speculative and unsupported by the record." It then held, without explanation, that under its view of the preponderance of the evidence, four years' front pay was "a more appropriate award." Petitioner contends the evidence supports the award because petitioner testified she would have worked at Waffle House until she retired at age sixty-five.[4]

▮ In considering the issue of front pay, federal courts have recognized its speculative character and therefore give wide latitude to the trial court. *Duke v. Uniroyal, Inc.*, 928

---

3. Under federal law generally, front pay is considered equitable relief in lieu of reinstatement. *See, e.g., Mota v. Univ. of Texas Houston Health Science Ctr.*, 261 F.3d 512 (5th Cir.2001) (Title VII); *Duke v. Uniroyal, Inc.*, 928 F.2d 1413 (4th Cir.1991) (ADEA); *see generally Great–West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002) (construing the term "equitable relief" in ERISA statute to mean "those categories of relief that were typically available in equity") *and Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 121 S.Ct. 1946, 150 L.Ed.2d 62 (2001) (under Title VII, front pay is an award made in lieu of reinstatement and is not an element of compensatory damages).

4. The trial judge found petitioner would have continued her job but for her unlawful termination. He considered the fact petitioner had an excellent work record at Waffle House and that there was no evidence she could not have continued her job as restaurant manager. Further, she had been working for 3½ years at her present employment with no promotion.

F.2d 1413 (4th Cir.1991); *Deloach v. Delchamps, Inc.*, 897 F.2d 815 (5th Cir.1990). As stated by the Fourth Circuit Court of Appeals: "The infinite variety of factual circumstances that can be anticipated do not render any remedy of front pay susceptible to legal standards for awarding damages." *Duke*, 928 F.2d at 1424. Accordingly, where the trial court has used permissible bases for awarding front pay, no abuse of discretion will be found. *Duke, supra; Deloach, supra.* The factors that may be considered in awarding front pay include the length of prior employment, the permanency of the position held, the nature of the work, and the age and physical condition of the employee, along with other factors affecting the employer-employee relationship. *Reneau v. Wayne Griffin & Sons, Inc.*, 945 F.2d 869 (5th Cir.1991). Evidence of future employment prospects may also be considered. *Nichols, supra.*

 Front pay is awarded as a complement or as an alternative to reinstatement. *Duke*, 928 F.2d at 1424. If reinstatement is shown to be infeasible, for instance because of a hostile atmosphere, front pay may be awarded in lieu thereof or to reimburse the employee until the time of reinstatement. *See generally Pollard*, 532 U.S. at 853–54, 121 S.Ct. 1946.

 Under the FMLA, an employee is entitled to reinstatement upon return from leave. 29 U.S.C. § 2614(a)(1)(A). Once an employee proves she was denied reinstatement, the employer must prove the employee would have been laid off in any event for some other reason in order to defeat a claim for reinstatement. *Smith v. Diffee Ford–Lincoln–Mercury, Inc.*, 298 F.3d 955 (10th Cir.2002); *see also* 29 C.F.R. § 825.216(a) ("An employer must be able to show that an employee would not otherwise have been employed at the time reinstatement is requested in order to deny restoration to employment."). Similarly, the employer must bear the burden of proving the employee is not entitled to front pay, which is awarded in lieu of reinstatement, if the employee seeks front pay rather than reinstatement.

It is uncontested petitioner was denied reinstatement upon her return from FMLA leave. She claimed front pay based on her entitlement to reinstatement. It was Waffle House's

burden to show petitioner would have been terminated for an unrelated reason while on FMLA leave, or that her continued employment would have been limited, in order to defeat or reduce the claim for front pay; in the alternative, Waffle House could have asserted the feasibility of reinstatement in lieu of a front pay award. Waffle House failed to carry its burden on this issue. We defer to the trial judge's judgment and affirm the award of front pay. The Court of Appeals's decision vacating the award is reversed.

**AFFIRMED IN PART; REVERSED IN PART.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.