822 F.2d 1014
 M.T. HASKINS, Plaintiff-Appellee,
v.
CITY OF BOAZ, a municipal corp.; Billy B. Dyar,
individually and as Mayor of Boaz; Marrell White,
individually and as councilman for the City of Boaz; J.T.
Underwood, individually and as councilman for the City of
Boaz; Marion Jackson, individually and as councilman for
the City of Boaz; James Langley, individually and as
councilman for the City of Boaz, Defendants-Appellants.
 No. 86-7174.
 United States Court of Appeals,
Eleventh Circuit.
 July 27, 1987.
 
 Beddow, Fullan & Vowell, P.A., Albert C. Bowen, Jr., J. Scott Vowell, Birmingham, Ala., for defendants-appellants.
 Charles A. McGee, Fort Payne, Ala., for plaintiff-appellee.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before HILL, KRAVITCH and EDMONDSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff-appellee M.T. Haskins filed this suit under 42 U.S.C.A. sec. 1983, alleging that his first amendment right to freedom of speech was violated when the various defendants-appellants (hereinafter the City)[1] removed Haskins from his at-will position as assistant chief of police of Boaz, Alabama. A jury agreed, and this appeal ensued. We affirm.
 
 
 2
 Although the City raises several issues on appeal, all are meritless; and only one deserves discussion.[2] The jury found for Haskins and, through special interrogatories, awarded certain amounts to Haskins for back pay, mental anguish and punitive damages. The district court entered judgment and also ordered the City to reinstate Haskins to his former job no later than the upcoming Friday, which was February 7, 1986.[3]
 
 
 3
 On Monday, February 10, 1986, the district court held a hearing at which it determined that feelings were such that the City, through the mayor, effectively intended to refuse to reinstate Haskins to his former position. The district court decided that rather than hold the City in contempt of court, it would instead vacate its injunction ordering reinstatement and order the city to pay Haskins the difference between the salary he would have received had he been properly reinstated, and the salary he was earning at a police job he had located in a near-by town. This pay differential, or "front pay", was to continue for six months and totalled $1,452.10. The City, not satisfied with avoiding an apparently deserved contempt decree, now maintains that this award is an additur and therefore impermissible under the seventh amendment. See Dimick v. Schiedt, 293 U.S. 474, 486-87, 55 S.Ct. 296, 301, 79 L.Ed. 603 (1935).
 
 
 4
 When federal rights are violated, "it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief." Bell v. Hood, 327 U.S. 678, 684, 66 S.Ct. 773, 777, 90 L.Ed. 939 (1946). In a jury trial setting, the trial court may reserve determinations of equitable remedies. See Williams v. City of Valdosta, 689 F.2d 964, 976 (11th Cir.1982). After the jury reaches its verdict the court then may decide "the propriety of equitable relief based on the facts as found by the jury." Id. at 977 (emphasis in original); accord Best v. Boswell, 696 F.2d 1282, 1287 (11th Cir.), cert. denied, 464 U.S. 828, 104 S.Ct. 103, 78 L.Ed.2d 107 (1983). Such relief is not an impermissible additur.
 
 
 5
 Reinstatement is a common example of equitable relief. In a similar setting involving an age discrimination claim, we have indicated that front pay (prospective lost earnings) is an appropriate remedy when reinstatement is impracticable or inadequate. See Goldstein v. Manhattan Indus., Inc., 758 F.2d 1435, 1448-49 (11th Cir.1985). Moreover, "front pay may be particularly appropriate in lieu of reinstatement where discord and antagonism between the parties would render reinstatement ineffective as a make-whole remedy." Id. at 1449.
 
 
 6
 The same concerns support our conclusion in this case. Although front pay is an award of monetary relief, it is still an equitable remedy in this case. The district court acted well within its discretion in shaping a more effective and practicable equitable remedy intended to make Haskins whole.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 Haskins sued the City of Boaz, the Mayor of Boaz (individually and as mayor), several city council members (individually and as council members) and the personnel manager of the City (as personnel manager)
 
 
 [2]
 In addition to the issue discussed in the text, the City contended that there was insufficient evidence to support either the jury verdict or the jury's award for mental anguish. The City also asserts that the trial court erred by denying two defendants' motions for directed verdict on punitive damages. It also points out that should the City prevail on all counts, the trial court's imposition of attorneys' fees would have to be set aside
 
 
 [3]
 The jury returned its verdict on Monday, February 3, 1986, at which time the district court entered judgment and ordered reinstatement