Virginia RENEAU,
Plaintiff/Appellee/Cross–Appellant,

v.

WAYNE GRIFFIN & SONS, INC.,
Defendant/Appellant/Cross–
Appellee.

No. 90–1537.

United States Court of Appeals,
Fifth Circuit.

Oct. 28, 1991.

Jak M. Smith, Tupelo, Miss., for defendant/appellant/cross-appellee.

Jim Waide, Tupelo, Miss., for plaintiff/appellee/cross-appellant.

Before CLARK, Chief Judge, REAVLEY and JONES, Circuit Judges.

CLARK, Chief Judge:

This case comes to us with a verdict for willful age discrimination by the jury, a judgment for sex discrimination by the court. The court awarded back pay but denied reinstatement and front pay. The sufficiency of the evidence to support the verdict and judgment is addressed in an unpublished opinion distributed to the parties. There is no challenge to the amount calculated as back pay due if the verdict and judgment were correct, which we found them to be in all respects.

## FRONT PAY

Reneau's cross-appeal contends that the district court erred in not awarding her front pay. Awards of front pay are reviewed for abuse of discretion. *See De-*

*loach v. Delchamps, Inc.*, 897 F.2d 815, 822 (5th Cir.1990); *Burns v. Texas City Refining, Inc.*, 890 F.2d 747, 753 (5th Cir.1989).

■ The ADEA creates jurisdiction for the court "to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter...." 29 U.S.C. § 626(b). Although the preferred equitable relief is reinstatement, *Deloach,* 897 F.2d at 822, *Hansard v. Pepsi–Cola Metro. Bottling Co.*, 865 F.2d 1461, 1469 (5th Cir.), *cert. denied,* 493 U.S. 842, 110 S.Ct. 129, 107 L.Ed.2d 89 (1989), this court has held that front pay is appropriate when reinstatement is not feasible. *Hansard,* 865 F.2d at 1469.

■ The district court found that reinstatement of Reneau was not feasible and neither party disputes this finding. The district court denied an award of front pay in lieu of reinstatement because (1) Reneau failed to plead front pay and (2) Reneau did not provide evidence needed for the court or the jury to determine whether front pay was appropriate or to calculate the amount of front pay if it was. Reneau contends that neither of these facts prevented the district court from awarding front pay. We agree.

FED.R.CIV.P. 54 states that "except as to a party against whom a judgment is entered by default, every final judgment shall grant relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." FED.R.CIV.P. 54(c). Reneau's failure to expressly request front pay does not preclude the award.

The court acted within its discretion to find that reinstatement was not feasible. *Deloach,* 897 F.2d at 822. Reneau does not attack the court's decision to deny reinstatement. Rather, she contends that once the court determined that reinstatement was not feasible, it was required to consider an award of front pay. *Hansard,* 865 F.2d at 1469. This court held in *Deloach* that front pay is an equitable remedy and therefore the court, not the jury, determines the amount of the award. *Deloach,* 897 F.2d at 823. The district court's state-

ment that the jury must determine the amount and that Reneau's failure to timely raise the issue before the jury was dismissed presented a problem is incorrect.

■ The district court's second difficulty with Reneau's request for front pay was that she did not provide sufficient evidence to support an award or to assist in calculating the amount of an award. The purpose of ADEA remedies is to make the victim of age discrimination whole. The most obvious way to make a plaintiff whole is to award back pay denied by termination and then reinstate the plaintiff, thereby negating the effect of the unlawful termination. Since reinstatement may not be feasible, front pay may make the plaintiff whole by providing the wages that plaintiff would have received, less any income derived from other employment or unemployment compensation. Front pay is usually appropriate when a plaintiff is discharged in violation of ADEA and not reinstated by the court. Front pay may be denied or reduced when the employee fails to mitigate damages by seeking other employment. *Hansard,* 865 F.2d at 1470. The district court found that Reneau diligently sought other employment.

■ Calculations of front pay cannot be totally accurate because they are prospective and necessarily speculative in nature. *Deloach,* 897 F.2d at 822; *Burns,* 890 F.2d at 753 n. 4. The courts must employ intelligent guesswork to arrive at the best answer. *Deloach,* 897 F.2d at 822. A court may deny front pay because of insufficient evidence. In this case, however, evidence showed Reneau earned $4.95 an hour (approximately $9,000 per year). In the 2½ years since her termination, she collected $1,400 in unemployment compensation and earned $7,967.65 from other employment. This constitutes substantial evidentiary support for calculating a front pay award.

The district court erred in basing its denial of front pay to Reneau on the grounds advanced. In *Deloach,* this court determined that awarding five years of front pay was within the district court's discretion. *Id.* at 822–23. However, Mississippi law considers an employee who has no

fixed term of employment to be an employee at-will.

On remand, the district court is not bound to any particular award for any set period of time. It should consider the length of prior employment, the permanency of the position held, the nature of work, the age and physical condition of the employee, possible consolidation of jobs and the myriad other non-discriminatory factors which could validly affect the possible Reneau/Griffin post-discharge employment relationship. The court must determine whether any front pay award is equitably required and, if so, for what period of time such pay should be granted. It may choose to conduct such further proceedings as it deems necessary to make the required determinations.

## CONCLUSION

That portion of the final judgment denying front pay is VACATED. The cause is REMANDED to the district court for further consideration consistent with this opinion.