David Louis FOURNERAT, Jr., Plaintiff,

v.

BEAUMONT INDEPENDENT SCHOOL DISTRICT, Defendant.

No. 1:97–CV–435.

United States District Court,
E.D. Texas,
Beaumont Division.

June 22, 1998.

Laurence Wade Watts, Watts & Associates, Houston, TX, for David Louis Fournerat, Jr.

David Louis Fournerat, Jr., Beaumont, TX, plaintiff pro se.

Tanner Truett Hunt, Jr., Melody G. Thomas & Chris Wohleb, Wells, Peyton, Greenberg & Hunt, Beaumont, TX, for Beaumont Independent School District.

## ORDER

SCHELL, Chief Judge.

Before the court is Plaintiffs' Motion for Leave to Add Witnesses on Front Pay Issue and Proposed Schedule of Development and Hearing on Same, filed on May 29, 1998. Defendant filed an Objection to Plaintiff's Motion on May 26, 1998. Further, Defendant filed a Response to Plaintiff's Motion on June 4, 1998. For the reasons set forth below, the court hereby RESERVES DECISION on the instant motion until such time as argument can be heard on June 25, 1998.

### I. BACKGROUND

On May 19, 1998, after a trial to the jury on certain issues, the jury returned a verdict on that portion of the above-styled case determinable by a jury. The court reserved any evidence, arguments, or decisions on the issues of front pay and attorneys' fees until a later time. Since those issues were left unresolved and outstanding in the case, the court set a hearing on the issues of front pay and attorneys' fees for June 25, 1998. The Order setting that hearing was signed on May 26, 1998. Shortly thereafter, Plaintiff filed a motion asking for leave of court to add witnesses in order to aid the court in its decision regarding the extant issues.

Defendant objects to Plaintiff's additional witnesses. First, Defendant argues that the addition of any witnesses after trial violates the pretrial disclosure provisions of FED. R.CIV.P. 26(a)(3)(A). Second, if the witnesses are expert witnesses, Defendant argues that disclosure at this time violates FED.R.CIV.P. 26(a)(2)(C), which requires that such witnesses be identified at least ninety (90) days before trial, and FED.R.CIV.P. 26(a)(2)(B), which requires certain reports, information, and background information on experts that will be called to testify.

### II. ANALYSIS

#### A. Front Pay as an Equitable Remedy

■■■ 42 U.S.C. § 1983 allows a victim to seek legal or equitable relief. *Deloach v. Delchamps, Inc.*, 897 F.2d 815, 822 (5th Cir. 1990). Front pay and reinstatement are both equitable remedies. *Id.* Reinstatement is generally the preferred remedy for a discriminatory discharge, but front pay may be awarded if reinstatement is not feasible. *Deloach*, 897 F.2d at 822; *Johnson v. Chapel Hill I.S.D.*, 853 F.2d 375, 382 (5th Cir.1988).[1]

■■■ Reinstatement is considered to be not feasible if the plaintiff can no longer be a satisfactory employee for the defendant, if the plaintiff's reinstatement would disrupt the employment of others, or if antagonism between the victim and the discriminatory employer exists such that would make reinstatement unfeasible. *Deloach*, 897 F.2d at 822; *see also Woodhouse v. Magnolia Hospital*, 92 F.3d 248, 258 (5th Cir.1996) (reinstatement of the employee was not an abuse of discretion by the trial court); *Mitchell v. Sisters of Charity of the Incarnate Word*, 924

---

1. Judgment in this case was based on Plaintiff's substantive due process right to be free from stigmatization, not on a finding of discrimination. The legal basis for the front pay issue should provide little difference in its calculation, however.

F.Supp. 793, 803 (S.D.Tex.1996). It is for the court to determine whether a front pay award is appropriate, and to determine the amount. Both the decision to award front pay and the amount awarded are reviewed by an appellate court under an abuse of discretion standard. *Deloach,* 897 F.2d at 822, 824.

The court is allowed to conduct further proceedings as necessary to make the required determinations on an award of front pay. *Reneau v. Wayne Griffin & Sons, Inc.,* 945 F.2d 869, 871 (5th Cir.1991). The cases do not indicate that expert testimony is necessary to make the correct determinations, although in at least one case an expert was used. *Deloach,* 897 F.2d at 822–23. Nevertheless, in other cases it appears that expert witnesses were not utilized. Instead, the court adduced from the evidence the relevant factors, calculated the amount, and entered judgment therein. *See, e.g., Reneau,* 945 F.2d at 870 (indicating that testimony on the rate of pay, supplemental income, and relevant length of time provides "substantial evidentiary support" for a front pay award); *Mitchell,* 924 F.Supp. at 804 (calculating front pay for two different plaintiffs, ostensibly without expert testimony).

■ In this case, Plaintiff has not submitted the nature of the testimony that it wishes to present through these new witnesses, and the court cannot determine whether or not Defendant would be prejudiced by the proffered testimony; Plaintiff claims in his Motion that Defendant will not be prejudiced by the inclusion of the extra witnesses. Further, Plaintiff claims that the witnesses should be allowed to testify, even though their identity was not disclosed at least thirty (30) days prior to trial, since Plaintiff never expected for the witnesses to be called at trial. Plaintiff apparently is arguing that since the issue of front pay is one to be decided *after* trial, Rule 26(a)(3)(A) does not apply. This argument does not explain, however, why Defendant would not be prejudiced by the introduction and testimony of a witness on an issue of recovery, when that witness was not disclosed according to the rules of civil procedure. Some prejudice to Defendant could result, if only because Defendant's

counsel would be unable to effectively cross-examine a witness about whom they know nothing.

## III. GUIDELINES FOR THE JUNE 25, 1998, HEARING

■ As a prospective remedy, front pay "can only be calculated through intelligent guesswork," even under the best of circumstances. *Deloach,* 897 F.2d at 822 (citing *Sellers v. Delgado College,* 781 F.2d 503, 505 (5th Cir.1986)). As a result, district courts are allowed wide latitude in the determination of front pay. *Id.* In preparing argument, counsel should keep in mind the following guidelines, as well as any other authority that either side may submit at the hearing.

■■ The Fifth Circuit has determined that the court should first determine the length of time for which the defendant should be reasonably liable. Second, the plaintiff's present salary should be deducted from his previous salary, and the difference multiplied by the relevant length of time. Third, that sum should then be discounted to present value. *Id.* (citing *Blum v. Witco Chem. Co.,* 829 F.2d 367, 374 (3d Cir.1987)). Further, front pay may be denied or reduced when the employee fails to mitigate damages by seeking other employment. *Reneau,* 945 F.2d at 870. Finally, prejudgment interest should be added to the front pay award. *Deloach,* 897 F.2d at 822.

■ The relevant length of time for which an employer should be liable for front pay is perhaps the most difficult variable in the formula cited above; the rest of the equation is mathematics. Factors in determining the relevant period are as follows: length of the prior employment, permanency of the position held, nature of the work, age and physical condition of the employee, possible consolidation of jobs, other nondiscriminatory factors that could validly affect the possible post-discharge employment relationship. *Reneau,* 945 F.2d at 871; *Mitchell,* 924 F.Supp. at 803 (reciting the same factors).

## IV. CONCLUSION

Since the court cannot decide Plaintiff's Motion before knowing what testimony the

new witnesses are expected to offer, the court hereby RESERVES DECISION on Plaintiff's Motion until such time as argument can be heard at the scheduled hearing on June 25, 1998. Both sides should be prepared to argue the issue of front pay with no additional testimony, according to the guidelines cited above, in the event that Plaintiff's Motion is denied. If Plaintiff's Motion is granted, then in the interest of fairness, additional time will be allowed for discovery of the new witnesses.