**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 01-20541

CHARLES H. JULIAN,

Plaintiff – Appellee – Cross-Appellant,

versus

THE CITY OF HOUSTON, TEXAS, ET AL,

Defendants,

THE CITY OF HOUSTON, TEXAS,

Defendant – Appellant – Cross-Appellee.

Appeals from the United States District Court
for the Southern District of Texas, Houston

December 11, 2002

Before DeMOSS, STEWART, and DENNIS, Circuit Judges.

DENNIS, Circuit Judge:

A jury found that the City of Houston failed to promote firefighter Charles Julian on the basis of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–34. Both parties appeal. The City contends that the district court lacked subject matter jurisdiction because Julian did not

obtain a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") prior to filing his ADEA claim. The City also argues that the district court improperly instructed the jury. Julian, on the other hand, contests the district court's denial of his request for front pay. We hold that the receipt of a right-to-sue notice is not a prerequisite to filing an ADEA action. We also find that the City has not demonstrated improper instruction of the jury. And we conclude that the district court must reconsider whether Julian should be awarded front pay. We therefore AFFIRM the district court's judgment in part, VACATE in part, and REMAND.

## I. BACKGROUND

Charles Julian is a sixty-year-old firefighter who has served the City of Houston since 1968. He became a District Chief of the City's fire department in 1984. Since 1989, however, the City has denied him promotion to Assistant Fire Chief five times.

On October 10, 1995, Julian filed a charge of discrimination with the EEOC, alleging that he had not been promoted to the Assistant Chief level in September 1995 because he is black. The United States Department of Justice issued him a right-to-sue notice in December 1998. In accordance with the notice, Julian instituted this action against the City under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17. In his suit, filed in the Southern District of Texas on March 1, 1999, Julian complained of promotion denials occurring between

1989 and May 1998. But his right-to-sue notice only covered his allegation that he was denied promotion in September 1995 because of his race. Therefore, Julian filed a second charge with the EEOC on March 5, 1999, that included all of the promotion denials. In addition to alleging race discrimination, Julian also claimed that the City had discriminated against him on the basis of his age in violation of the ADEA. On July 27, 1999, the Department of Justice issued Julian another right-to-sue notice. The notice, however, only addressed Julian's Title VII claims.

On August 10, 1999, Julian filed an unopposed motion to amend his federal court complaint to include an ADEA claim. Two days later, the district court granted the motion, and Julian filed his First Amended Complaint.

In February 2000, the City moved for summary judgment on all of Julian's claims. The district court granted the motion in part and dismissed Julian's Title VII claims. The case proceeded to jury trial on the ADEA claim alone. On May 25, 2000, a jury found that the City intentionally failed to promote Julian to the position of Assistant Fire Chief on the basis of his age and awarded him $109,222.00 in back pay and benefits. The district court entered judgment on the verdict, but denied Julian's request for front pay. The City then filed a renewed motion for judgment as a matter of law, arguing, among other grounds, that the district court did not have subject matter jurisdiction. The City also

moved for a new trial on the basis of improper jury instructions. The district court denied the City's post-judgment motions on April 23, 2001. Both parties filed timely notices of appeal.

## II. ANALYSIS

### A. Right-to-Sue Notice and the ADEA

We review *de novo* the denial of the City's motion for judgment as a matter of law, applying the same standard that the district court used.[1] "[T]he issue of subject matter jurisdiction is subject to plenary review by this court."[2]

The City contends, as it did in its JMOL motion, that the judgment in Julian's favor should be set aside due to his failure to obtain a right-to-sue notice from the EEOC prior to asserting his ADEA claim. In the City's view, the right-to-sue notice is a jurisdictional prerequisite to bringing an ADEA action in federal court. This contention lacks merit. Although Title VII provides that the right to bring suit does not arise until after the EEOC has issued a right-to-sue notice,[3] the ADEA has no such

---

[1] *Rutherford v. Harris County, Tex.*, 197 F.3d 173, 178 (5th Cir. 1999).

[2] *Taylor-Callahan-Coleman Counties Dist. Adult Prob. Dep't v. Dole*, 948 F.2d 953, 956 (5th Cir. 1991).

[3] *See* 42 U.S.C. § 2000e-5(f)(1) (providing that a Title VII action may be brought "within ninety days after the giving of . . . notice"). Our Title VII cases hold that "receipt of a right-to-sue letter is not jurisdictional but a condition precedent subject to equitable modification." *McKee v. McDonnell Douglas Technical Servs. Co., Inc.*, 705 F.2d 776, 777 n.2 (5th Cir. 1983) (citing *Pinkard v. Pullman-Standard,* 678 F.2d 1211, 1215-19 (5th Cir.

requirement.

But there are preconditions to bringing suit under the ADEA. Title 29 U.S.C. § 626(d) provides: "No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission."[4] Thus, a person seeking relief under the ADEA must first file an administrative charge with the EEOC.[5] And § 626(d) establishes time limits for filing the EEOC charge. For cases arising in Texas, a complainant must file within 300 days of the last act of discrimination.[6] After timely filing the EEOC charge, the complainant must then wait sixty days before filing a civil action. Under the plain language of § 626(d), "the claimant's independent right to sue arises automatically upon the expiration of sixty days after filing of the

---

1982)). Thus, even if the ADEA required a right-to-sue notice prior to filing suit, we would likely reject the City's characterization of such a requirement as a jurisdictional prerequisite, which, if not satisfied, deprives courts of subject matter jurisdiction.

[4] 29 U.S.C. § 626(d).

[5] *See Clark v. Resistoflex Co.*, 854 F.2d 762, 765 (5th Cir. 1988) ("A charge of discrimination must be timely filed with the EEOC prior to the initiation of a civil action under the ADEA.").

[6] *See id.* § 626(d)(2); *Anson v. Univ. of Tex. Health Sci. Ctr.*, 962 F.2d 539, 540 (5th Cir. 1992) (stating that the time limit is 300 days).

charge with the EEOC."[7]  Accordingly, a complainant who timely files the EEOC charge and then observes the sixty-day waiting period has satisfied the statutory preconditions to filing suit.[8]

In this case, Julian filed a charge of age discrimination with the EEOC on March 5, 1999, and the City does not dispute the timeliness of the charge.[9]  He did not amend his federal suit to include an ADEA claim until August 10, 1999, well beyond the sixty-day period.  Julian's decision to assert his claim by amending the pending suit instead of filing a new one does not complicate our analysis.  He clearly had the right to sue in August 1999, and we do not fault him for choosing the more efficient of his two options.  We therefore find that Julian satisfied the statutory preconditions to commencing an ADEA action.

In arguing that the receipt of a right-to-sue notice is an additional precondition to filing an ADEA suit, the City calls our

---

[7]  *Adams v. Burlington N. R.R. Co.*, 838 F. Supp. 1461, 1468 (D. Kan. 1993).

[8]  *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1100 (11th Cir. 1996) ("Unlike Title VII, the ADEA does not require that the plaintiff first receive a right to sue notice from the EEOC prior to commencing suit."); *Seredinski v. Clifton Precision Prod. Co.*, 776 F.2d 56, 63 (3d Cir. 1985) ("ADEA does not require that a 'right-to-sue' letter be first obtained.  Rather, a complainant must simply file a charge with the EEOC not less than 60 days before commencing suit . . . .").

[9]  The last act of age discrimination that Julian complained of in his March 5, 1999 EEOC charge was a May 28, 1998 promotion denial.  Because only 281 days elapsed between these two dates, the EEOC charge was timely filed.  *See Anson*, 962 F.2d at 540.

attention to 29 U.S.C. § 626(e). Section 626(e) provides that if a charge filed with the EEOC is dismissed or the proceedings are otherwise terminated, the EEOC must notify the complainant, who may then bring a civil action within ninety days after receipt of the EEOC notice.[10] Although this section establishes a ninety-day limitations period for the ADEA complainant who actually receives notice from the EEOC, it does not require a complainant to receive such notice before filing suit.[11] Thus, in cases such as this one, where a plaintiff commences a civil action after the sixty-day waiting period, but before the EEOC responds to his charge, § 626(e) is irrelevant because the action has been timely filed.[12]

In short, we decline the City's invitation to create the additional requirement it advocates and hold that the receipt of a right-to-sue notice is not a prerequisite to filing an ADEA action. The district court properly denied the City's motion for JMOL on this issue.

---

[10] *See* 29 U.S.C. § 626(e) ("If a charge filed with the Commission under this chapter is dismissed or the proceedings of the Commission are otherwise terminated by the Commission, the Commission shall notify the person aggrieved. A civil action may be brought under this section by a person defined in section 630(a) of this title against the respondent named in the charge within 90 days after the date of the receipt of such notice.").

[11] *See Weaver v. Ault Corp.*, 859 F. Supp. 256, 257–58 (N.D. Tex. 1993) (discussing the legislative history of § 626(e)).

[12] *See Adams*, 838 F. Supp. at 1467–68 ("[U]nder the current law, the window for filing an ADEA suit begins sixty days after filing the EEOC charges and ends ninety days after receipt of the EEOC right-to-sue notice.").

B.  Jury Instructions

We review the district court's jury charge for abuse of discretion.[13]  "If a party wishes to complain on appeal of the district court's refusal to give a proffered instruction, that party must show as a threshold matter that the proposed instruction correctly stated the law."[14]  If a party makes this threshold showing, he must then demonstrate that the actual charge "as a whole creates substantial and ineradicable doubt whether the jury has been properly guided in its deliberations."[15]  But if the charge correctly states the substance of the law, we will not reverse.[16]

The City argues that the district court erred in refusing to give the following "business judgment" instruction:

> You are instructed that an employer is free to direct its work force as it considers best to meet its objectives. You are not being asked to judge whether acts by the Defendant were wise, whether they represented good management, or whether you would have handled matters in a different fashion.  The City is free to use its own judgment, so long as it did not act with the intent to discriminate against Mr. Julian because of his age.

The City cites only one case, *Walker v. AT&T Technologies*,[17] in support of its argument that the district court's failure to give

_____

[13] *EEOC v. Manville Sales Corp.*, 27 F.3d 1089, 1096 (5th Cir. 1994).

[14] *FDIC v. Mijalis*, 15 F.3d 1314, 1318 (5th Cir. 1994).

[15] *Id.* (internal quotation and citation omitted).

[16] *Deloach v. Delchamps, Inc.*, 897 F.2d 815, 822 (5th Cir. 1990).

[17] 995 F.2d 846 (8th Cir. 1993).

this instruction constitutes reversible error. But the City's reliance on the Eighth Circuit's opinion in *Walker* is misplaced. The *Walker* court ordered a new trial because the district court refused to instruct the jury that the defendant had a right to make employment decisions for any nondiscriminatory reason.[18] Here, the district court's jury charge effectively communicated this principle of substantive law:

> Your verdict should be for the defendant if you find that the defendant has proved that plaintiff would not have received the promotion regardless of his age. You should not find that the decision is unlawful just because you may disagree with the defendant's stated reason or because you believe the decision was harsh or unreasonable, as long as defendant would have reached the same decision regardless of plaintiff's age.
>
> . . . .
>
> It is not against the law for an employer to fail to promote an employee who is over forty years of age if the reason for doing so is unrelated to the employee's age....
> If you determine that Julian was not promoted because of factors other than his age, you must decide in favor of the City.

The City is not entitled to have the jury instructed in the precise language or form it suggests.[19] Because the district court properly instructed the jury that the City's employment decision was lawful

---

[18] *See id.* at 849-50 ("AT&T's proposed instruction states the substantive law that an employer has the right to make business decisions . . . for good reason, bad reason, or no reason at all, absent intentional age discrimination."); *see also Stemmons v. Missouri Dep't of Corr.*, 82 F.3d 817, 819 (8th Cir. 1996).

[19] *Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260, 270 (5th Cir. 1991).

"as long as [the City] would have reached the same decision regardless of plaintiff's age," we find that the court did not abuse its discretion in refusing to give the City's proposed instruction.

The City also contends that it was entitled to an instruction requiring Julian to prove that he was clearly better qualified than the younger employees who received promotions. We summarily reject this argument. The City has not satisfied its threshold burden of showing that this proposed instruction is a correct statement of the law.[20] Although pointing to clearly superior qualifications is one permissible way to demonstrate intentional discrimination, a plaintiff is not *required* to make this showing.[21] Julian presented direct evidence in support of his claim, and the district court instructed the jury accordingly. Thus, we find no abuse of discretion.

We conclude that the City's contentions with respect to the jury charge present no reversible error.

### C. Front Pay

In his cross-appeal, Julian contends that the district court erred in refusing to award him front pay. Julian sought compensation at the Assistant Fire Chief level from May 25, 2000,

---

[20] *See Mijalis*, 15 F.3d at 1318.

[21] *Price v. Federal Express Corp.*, 127 F. Supp. 2d 801, 808 (S.D. Tex. 2001) (citing *EEOC v. Manville Sales Corp.*, 27 F.3d 1089, 1096 n.5 (5th Cir. 1994)).

the date of the jury's verdict, to October 2, 2005, his expected retirement date. We review the district court's decision on this issue for abuse of discretion.[22]

A primary remedial purpose of the ADEA is to make the individual victim of discrimination whole.[23] To effectuate this purpose, Congress gave courts broad authority to "grant such legal or equitable relief as may be appropriate . . ., including without limitation judgments compelling employment, reinstatement or promotion . . . ."[24] Although reinstatement is the preferred equitable remedy for a discriminatory discharge, this court has held that front pay—money awarded for future lost compensation—is appropriate when reinstatement is not feasible.[25] But this is a failure to promote case, not a discharge case. This distinction requires a slight change in our terminology: In a failure to

---

[22] *Reneau v. Wayne Griffin & Sons, Inc.*, 945 F.2d 869, 869 (5th Cir. 1991).

[23] *Id.* at 870.

[24] 29 U.S.C. § 626(b).

[25] *Reneau*, 945 F.2d at 870. "Since front pay is an equitable remedy, the district court rather than the jury should determine whether an award of front pay is appropriate, and if so, the amount of the award." *Walther v. Lone Star Gas Co.*, 952 F.2d 119, 127 (5th Cir. 1992). But the district court may determine the amount of the award with the assistance of an advisory jury. *See Rutherford v. Harris County, Tex.*, 197 F.3d 173, 188 (5th Cir. 1999); *see also* FED. R. CIV. P. 39(c). Here, Julian did not request an award of front pay until after the jury returned its verdict. The district court therefore had no occasion to seek advisory findings from the jury on this issue.

-11-

promote case, the preferred remedy is *instatement* to an illegally denied position, not *reinstatement*.[26]  If instatement is not feasible, however, front pay is the appropriate award.

Julian argued in the district court that instatement is not feasible in this case because the City's Fire Chief testified to that effect at trial.  So Julian requested front pay instead. Because the parties did not contest the feasibility of instatement, the district court did not address the issue in its final judgment. Our preference for instatement, however, has led us to require district courts to adequately articulate their reasons for finding instatement to be infeasible and for considering an award of front pay instead.[27]  Thus, the district court should have considered, as a threshold matter, whether instatement was feasible.[28]

Furthermore, the district court's reasons for denying front pay reveal an abuse of discretion.  The court first found that Julian's front pay request was speculative because an Assistant Fire Chief is an at-will employee who serves at the pleasure of the Fire Chief and with the approval of the Mayor and City Council of

---

[26] *See Rutherford*, 197 F.3d at 188–89; *see also Kennedy v. Ala. State Bd. of Educ.*, 78 F. Supp. 2d 1246, 1249 (M.D. Ala. 2000) ("The general rule . . . is that a person should be instated to an illegally denied position, and front pay is an exception to that rule.").

[27] *See Rutherford*, 197 F.3d at 188.

[28] *See Hansard v. Pepsi-Cola Metro. Bottling Co.*, 865 F.2d 1461, 1469–70 (5th Cir. 1989).

-12-

Houston.  But the employment-at-will doctrine does not function as an absolute bar to recovering front pay; it is merely a factor for the district court to consider when determining whether a front pay award is equitably required and, if so, for what period of time such pay should be granted.[29]  Thus, an Assistant Chief's employment-at-will status, taken alone, is not a sufficient basis for denying Julian's request for front pay.  In addition, we have recognized that "[c]alculations of front pay cannot be totally accurate because they are prospective and *necessarily speculative* in nature."[30]  "The courts must employ intelligent guesswork to arrive at the best answer."[31]  Although a court may deny front pay because of insufficient evidence, Julian presented the district court with the information necessary to calculate an award, including wage and benefit data for both his current rank in the department and the Assistant Chief position.[32]  Consequently, the record does not support the district court's apparent conclusion that an award of front pay would be purely speculative in this

---

[29] *See Reneau*, 945 F.2d at 870-71.

[30] *Id.* at 870 (emphasis added).

[31] *Id.*

[32] *See id.* (finding that evidence of the plaintiff's pre- and post-termination earnings constitutes substantial support for calculating a front pay award).

case.[33] Because the jury found that the City denied Julian a promotion on the basis of his age, the fact that calculating front pay involves some degree of speculation is a risk that the City must bear as a proven discriminatory employer.

The district court also found that front pay was inappropriate because Julian was made whole by his back pay award. Back pay and front pay are distinct remedies, however, and making victims of discrimination whole may require courts to award both. Back pay provides retrospective relief. Its purpose is to restore the plaintiff to the position he would have been in absent the discrimination.[34] Front pay, on the other hand, is intended to compensate the plaintiff for wages and benefits he would have received from the defendant employer in the future if not for the discrimination.[35] Although this court has determined that a substantial liquidated damages award may render an additional award of front pay inappropriate or excessive,[36] we have never held that

---

[33] *But cf. Tyler v. Union Oil Co. of Cal.*, 304 F.3d 379, 402 (5th Cir. 2002) (affirming the district court's denial of front pay where an award would be purely speculative).

[34] *Id.* at 401.

[35] *Id.* at 402.

[36] *See Walther*, 952 F.2d at 127. In cases where an employer commits a willful violation of the ADEA, the plaintiff is entitled to recover liquidated damages in an amount equal to the back pay award. *See generally Tyler*, 304 F.3d at 399–401. In other words, the back pay award is doubled. Here, the jury found that the City's conduct was not willful, so Julian did not receive liquidated damages.

an award of back pay can have this same effect.  The district court properly instructed the jury on the function of back pay, and the City does not contend that the jury disregarded the court's instructions and awarded an excessive amount.  Therefore, Julian's back pay award does not preclude him from receiving prospective relief in the form of front pay.

Although the district court's decision is entitled to considerable deference, because the court did not address the feasibility of instatement and erred in basing its denial of front pay on the grounds advanced, we find it appropriate to remand the case for a reevaluation of these issues in the light of this opinion.[37]

### III.  CONCLUSION

That portion of the final judgment denying front pay is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.  In all other respects, the judgment entered on the jury's verdict is AFFIRMED.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Judge DeMoss dissents as to Part II.C.

---

[37] On remand, if the district court finds that instatement is not feasible, it should then consider the factors this court listed in *Reneau*, 945 F.2d at 871, as well as any other relevant, non-discriminatory factor affecting Julian's employment relationship with the City.