**Terry VAUGHN and Yvette Holman, Plaintiffs,**

v.

**SABINE COUNTY and Sheriff Tom Mattox,[1] Defendants.**

No. 1:01–CV–914.

United States District Court, E.D. Texas, Beaumont Division.

June 3, 2003.

---

**1.** The correct spelling of Sheriff Maddox's surname is apparently "Maddox," and not "Mattox." Plaintiffs misspelled his name in their original complaint.

Jane Swearingen Brown, Provost & Umphrey, Beaumont, TX, for Plaintiffs.

Robert Scott Davis, Virginia Durham Young, Flowers Davis LLP, Tyler, TX, for Defendants.

### ORDER *GRANTING PLAINTIFFS'* MOTION FOR FRONT PAY

SCHELL, District Judge.

This matter is before the court on "Plaintiffs' Motion for Award of Front Pay" filed on February 10, 2003 (Dkt. # 45), Defendant Sabine County's response in opposition filed on February 20, 2003, and Plaintiffs Terry Vaughn and Yvette Holmans' ("Plaintiffs") reply filed on February 27, 2003, in the above-styled and numbered cause of action. Additionally, the court held an evidentiary hearing on April 29, 2003 ("April 29th hearing") (Dkt. # 51–55). After careful consideration, the court is of the opinion that the motion should be GRANTED.

#### Background

After a four-day trial, a jury found for Plaintiffs and awarded them full back pay and mental anguish damages of $100,000.00 each. Jury Verdict Form (Dkt. # 42). However, because of statutory limitations that cap mental anguish and punitive damages, each Plaintiff will receive only the statutory maximum of $50,000.00 in mental anguish damages. Order Granting Atty's Fees at 1 (Dkt. # 49); *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 848, 121 S.Ct. 1946, 150 L.Ed.2d 62 (2001) ("The amount of compensatory damages awarded under [Title VII] for ... 'emotional pain, suffer-

ing, inconvenience, *mental anguish ...*' and the amount of *punitive damages ...* may not exceed the statutory cap set forth in § 1981a(b)(3).") (emphasis added).

### Discussion

■ As a vehicle to make civil rights plaintiffs "whole", Title VII authorizes courts to order reinstatement of plaintiffs to positions they should have held if not for past illegal discrimination against them. However, most of the time reinstatement is not a feasible option because of the usual resentment and hard feelings between a successful Title VII plaintiff and the defendant employer. In fact, in the present case, Plaintiffs acknowledge this reality and *do not* request reinstatement. Pls.' Mot. for Front Pay at 2 ("Plaintiffs request that they be awarded front pay in lieu of reinstatement."). Instead, Plaintiffs ask the court to award them front pay as an alternative means of making them "whole". *Id.; Reynolds v. Octel Communications Corp.*, 924 F.Supp. 743, 748 (N.D.Tex.1995) (citing *Walther v. Lone Star Gas Co.*, 952 F.2d 119, 127 (5th Cir. 1992) ("When reinstatement is not feasible, the equitable remedy of front pay is available at the court's discretion.")). After the April 29th hearing, the court agrees that reinstatement is not feasible because there is simply too much ill will and distrust between the Plaintiffs and Sheriff Tom

Maddox to salvage any type of working relationship. *See Owens v. City of New Orleans*, Civ. A. No. 89–3373, 1990 WL 94216, *5 (E.D.La.) (court should not order reinstatement "where discord and antagonism between the parties would render reinstatement ineffective as a make-whole remedy.") (citing *Haskins v. City of Boaz*, 822 F.2d 1014, 1015 (11th Cir.1987)). Accordingly, the court must decide the amount of front pay that would adequately compensate the Plaintiffs to make them "whole".

*Front Pay Analysis*

■ Under Fifth Circuit precedent, this court must employ the following six step analysis in deciding a proper amount of front pay for each Plaintiff: (1) the length of time for which Sabine County should be liable, (2) the salaries Plaintiffs earned at Sabine County before they were wrongfully not rehired, (3) the present salaries of the Plaintiffs or the salaries the Plaintiffs *could have made* through diligent efforts to mitigate their damages, (4) deduct the present salaries earned by the Plaintiffs from the salaries they earned at Sabine County, (5) multiply the number in step four by the relevant length of time calculated in step one, and (6) the final number[2] calculated in step five should be

---

**2.** Many district courts in this circuit, including this one, have also included a seventh step in the front pay calculation: awarding prejudgment interest to the front pay award. *See, e.g., Dibler v. Metwest, Inc.*, No. CA 3:95–CV–1046–BC, 1997 WL 222910, *4 (N.D.Tex.) ("This court has the discretion to award the plaintiff prejudgment interest on her back pay *and front pay* awards.") (emphasis added) (citing *Deloach v. Delchamps, Inc.*, 897 F.2d 815, 822 (5th Cir.1990) (citing *Giancontieri v. Pan Am. World Airways, Inc.*, 767 F.2d 1151, 1159 (5th Cir.1985))); *Fournerat v. Beaumont Indep. Sch. Dist.*, 6 F.Supp.2d 612, 614 (E.D.Tex.1998) ("Finally, prejudgment interest should be added to the front pay award.")

(citing *Deloach v. Delchamps, Inc.*, 897 F.2d 815, 822 (5th Cir.1990)). As shown above, the district courts that add this seventh step cite to the Fifth Circuit's *Deloach* and *Giancontieri* opinions as precedent for including prejudgment interest. While it is true that the *Deloach* court held that prejudgment interest was collectible on an award of front pay, the *Deloach* court, as well as the *Giancontieri* court, were construing a Louisiana discrimination statute under diversity jurisdiction, and not a federal anti-discrimination statute. In fact, the *Giancontieri* court stated the following:

> Pan Am ... argues that as a matter of economics and constitutional law it [pre-

discounted to present value. *Fournerat v. Beaumont Indep. Sch. Dist.*, 6 F.Supp.2d 612, 614 (E.D.Tex.1998) (citing *Deloach v. Delchamps, Inc.*, 897 F.2d 815, 822 (5th Cir.1990)).

### (1) Length of Time for which Sabine County should be liable.

■ The factors prescribed in this circuit for determining the relevant time period are as follows: length of the prior employment, permanency of the position held, nature of the work, age and physical condition of the employee, possible consolidation of jobs, and other nondiscriminatory factors that could validly affect the possible post-discharge employment relationship. *Fournerat*, 6 F.Supp.2d at 614 (citing *Reneau v. Wayne Griffin & Sons, Inc.*, 945 F.2d 869, 871 (5th Cir.1991)).

Plaintiffs ask for front pay through the end of Sheriff Tom Maddox's term, which ends in December of 2004. Pls.' Mot. for Front Pay at 3. However, the jury award has already compensated Plaintiffs for over two years of back pay, therefore, the court finds Plaintiffs request for two additional years of full compensation to be excessive. After hearing the evidence and testimony of the parties, keeping in mind the speculative nature of this exercise, and contemplating the above-mentioned factors, the court finds that an award of front pay through December of 2003 will adequately compensate the Plaintiffs and make them "whole". Because the jury's verdict was rendered on January 24, 2003, the court will round the front pay award to eleven additional months (February–December).

### (2) Salaries of Plaintiffs while employed by Sabine County.

It is undisputed that Plaintiff Holman had a monthly salary of approximately $2,041.40 and Plaintiff Vaughn had a monthly salary of approximately $1,991.40 at the time their employment at Sabine County ended. Pls.' Mot. for Front Pay at 2.

### (3) Present salaries of Plaintiffs or salaries Plaintiffs could be making.

Plaintiff Holman testified that she earns approximately $706.00 per month as a part time security officer. *See* Salary Analysis Chart by Charles F. Hawkins, Ph.D. (court hereby admits as Exhibit 2). Plaintiff Vaughn testified that she currently works as a real estate agent and nets $0 per month because of her "start up" costs. Because of the Plaintiffs' similar background and training, the court will assume that Plaintiff Vaughn *could be* earning the same amount as Plaintiff Holman, which is $706 per month. *See Owens v. City of New Orleans*, Civ. A. No. 89–3373, 1990 WL 94216, *5 (E.D.La.) ("an award of front pay should be reduced by the amount that a plaintiff could earn using reasonable mitigation efforts") (citing *Cassino v. Reichhold Chems., Inc.*, 817 F.2d 1338 (9th Cir.1987)). Therefore, the court finds, for purposes of this motion, that both Plaintiffs effectively "earn" a salary of approximately $706.00 per month.

judgment interest] cannot apply to awards for future losses, since by definition the plaintiff had no right to receive these sums as of the date of judicial demand. Pan Am's argument is, as a matter of economics, entirely sound. The Louisiana courts have, however, interpreted [the Louisiana statute] to allow an award of interest on future damages as well as present damages

... In a diversity case, we are bound to follow this interpretation of the will of the Louisiana legislature.
*Giancontieri*, 767 F.2d at 1159 (citations omitted).

This court agrees with the *Giancontieri* court's conclusion that an award of *prejudgment* interest on an award of front pay is economically nonsensical.

*(4) Deduction of present salaries from salaries earned at Sabine County.*

- Holman: $2,041.40–$706 = $1,335.40.
- Vaughn: $1,991.40–$706 = $1,285.40.

*(5) Multiply result of step four by relevant time period in step one.*

- Holman: $1,335.40 X 11 months = $14,689.40.
- Vaughn: $1,285.40 X 11 months = $14,139.40.

*(6) Discount to present value.*

██ Because the relevant time period is less than one year, the court finds that it is unnecessary to discount the award to present value.[3] *See Washington v. Davis*, No. Civ.A. 01–1863, 2002 WL 1798764, *5 (E.D.La.) ("The Court declines to speculate on interest rates and inflation over a time frame as short as one year.... [T]he Court concludes that it is not necessary to adjust the award in order to account for interest or inflation.").

### Conclusion

After reading the relevant pleadings and after conducting a hearing on the matter, the court finds that Plaintiffs' motion for award of front pay should be GRANTED. Accordingly, the court awards Plaintiff Holman $14,689.40 and Plaintiff Vaughn $14,139.40 in front pay.

It is so ORDERED.

---

**3.** At the April 29th hearing, the court ordered each side to produce salary analysis charts prepared by their respective experts. The court stated that it wanted the charts broken down monthly beginning in February of 2003 (the month immediately following the jury's verdict). At the April 29th hearing, Plaintiffs provided only a final calculation through December 2004, without a month by month itemization (admitted as Exhibit 1), and on May 1, 2003, a chart that started its analysis in May of 2003 (Exhibit 2). Because the court is awarding front pay starting in *February* (not May) of 2003 through December of *2003* (not 2004), neither document provided by Plaintiffs' expert is particularly helpful to the court. Sabine County chose not to submit any analysis or documentation.