Corporal William BULLEN
and, Corporal Jeffrey
Giles, Plaintiffs,

v.

Colonel L. Aaron CHAFFINCH, individ-
ually and in his official capacity as
Superintendent of the Delaware State
Police; James L. Ford, Jr., individual-
ly and in his official capacity as Sec-
retary of the Department of Safety
and Homeland Security of the State of
Delaware, and Division of State Police
Department of Public Safety and
Homeland Security, State of Dela-
ware, Defendants.

Civ.A. No. 02–1315–JJF.

United States District Court,
D. Delaware.

Sept. 24, 2004.

**358**

Thomas S. Neuberger, Stephen J. Neuberger, The Neuberger Firm, P.A., Wilmington, DE, for Plaintiffs.

Richard G. Placey, Richard M. Donaldson, Montgomery, McCracken, Walker & Rhoads, LLP, Wilmington, DE, of counsel: Edward T. Ellis, Robert J. Fitzgerald, Montgomery, McCracken, Walker & Rhoads, LLP, Philadelphia, PA, for Defendants.

## MEMORANDUM OPINION

FARNAN, District Judge.

Pending before the Court is Plaintiffs' Post Trial Motion To Promote Them To The Rank Of Sergeant In The Delaware State Police And For Other Post Trial Relief (D.I. 123). By their Motion, Plaintiffs request the Court to (a) order Defendants to promote them to the rank of sergeant when the next available vacancies occur, (b) enjoin defendants from using racial quotas or racially suspect classification in their promotion process, and (c) appoint a federal monitor to review whether the use of racial quotas and racially suspect classifications has been dismantled and removed from the promotion process.

To the extent that Plaintiffs' Motion requests dismantling of a racial quota system and injunctive relief to prevent the continued use of a racial quota system, Plaintiffs' Motion will be denied as moot based on the Court's previously issued Opinion and Order concluding that Defendants' are entitled to judgment as a matter of law on Plaintiffs' claim of an illegal quota system. To the extent that Plaintiffs seek promotion to the next available sergeant positions, Plaintiffs' Motion will be granted for the reasons that follow.

## DISCUSSION

By their Motion, Plaintiffs request the Court to order Defendants to promote them to the next available vacant sergeant positions in the Delaware State Police ("DSP"). Plaintiffs also request the Court to order Defendants to retroactively set their promotion date as December 1, 2001, for purposes of their benefits, pensions and seniority rights.

Defendants oppose Plaintiffs' request for several reasons. First, Defendants contend that Plaintiffs are not eligible for immediate promotion because they have not passed the latest testing requirements. Defendants also contend that immediate promotion would displace other eligible corporals and would cause undue disruption within the DSP. In addition, Defendants contend that Plaintiffs can be made whole by the award of front pay such that their promotion is unnecessary.

 The equitable remedy of ordering promotion to a position illegally denied is referred to as "instatement." *Julian v.*

*City of Houston,* 314 F.3d 721, 728 (5th Cir.2002); *Kennedy v. Ala. State Bd. of Educ.,* 78 F.Supp.2d 1246, 1249 (M.D.Ala. 2000). The law of instatement tracks the law of reinstatement. Thus, like reinstatement, instatement is considered the preferred remedy to compensate an aggrieved party for loss of future earnings as a result of illegal, adverse employment actions, including actions that violate 42 U.S.C. § 1983. *Feldman v. Philadelphia Housing Authority,* 43 F.3d 823 (3d Cir.1994); *Maxfield v. Sinclair International,* 766 F.2d 788, 796 (3d Cir.1985), *cert. denied,* 474 U.S. 1057, 106 S.Ct. 796, 88 L.Ed.2d 773 (1986). However, instatement may not be feasible in all cases, particularly in those cases in which a position is no longer available at the time of judgment or the relationship between the parties has been so damaged by animosity that instatement is impracticable. *Feldman,* 43 F.3d at 831; (discussing reinstatement); *Maxfield,* 766 F.2d at 796 (same).

 Although a list of factors has not been specifically identified by courts considering the question of reinstatement, or in this case, the question of instatement, it appears from the relevant case law [1] that courts should consider, among other things: (1) whether there is "irreparable animosity between the parties," *Blum v. Witco Chem. Corp.,* 829 F.2d 367, 374 (3d Cir.1987); (2) the effect of instatement on innocent third parties which may be disrupted by the replacement, *Kraemer v. Franklin and Marshall College,* 941 F.Supp. 479, 483 (E.D.Pa.1996); (3) the availability of a replacement position, *Starceski v. Westinghouse Elec. Corp.,* 54 F.3d 1089, 1103 (3d Cir.1995); (4) the need to make the aggrieved party whole,

*Squires v. Bonser,* 54 F.3d 168, 172 (3d Cir.1995); and (5) the need to deter employers from engaging in unconstitutional conduct. *Id.* Because instatement is an equitable remedy, the decision to order instatement must be made on a case-by-case basis in light of these factors and the particular circumstances in the case. In determining whether instatement is appropriate, the district court has broad discretion, and the Third Circuit reviews instatement determinations for an abuse of discretion. *Feldman,* 43 F.3d at 831.

As a threshold matter, Defendants contend that Plaintiffs should not be promoted to the next available sergeant positions, because they do not meet the eligibility requirements for the positions. Plaintiffs failed the written promotion test in September 2001, and declined to sit for the test in March 2004. Thus, Defendants contend that they cannot meet the minimum qualifications for the rank of sergeant.

 In the Court's view, Defendants' argument ignores the jury's findings in this case. The jury found that but for Defendants' illegal discrimination against them, Plaintiffs would now be sergeants. The jury did not simply find that Plaintiffs were eligible for promotion, but rather, that they would have occupied actual positions on the Governor's Task Force and the Counterterrorism Unit had they not been the victims of illegal discrimination. The very purpose of remedial measures in an unlawful employment discrimination case is to "place persons unconstitutionally denied an opportunity or advantage in the position they would have occupied in the absence

1. The relevant case law includes cases involving violations of Title VII. *Squires v. Bonser,* 54 F.3d 168, 172 (3d Cir.1995) (recognizing that Section 1983 and Title VII are based on similar policy consideration of deterring illegal conduct and making aggrieved party whole and concluding that "framework of analysis governing reinstatement in Title VII actions also governs in § 1983 actions").

of [the] discrimination." *U.S. v. Virginia*, 518 U.S. 515, 547, 116 S.Ct. 2264, 135 L.Ed.2d 735 (1996). Applying this principle here, Plaintiffs' eligibility for promotion is not the issue. Rather, Plaintiffs should be promoted to sergeant positions, the positions that they would have occupied but for Defendants' illegal discrimination. Plaintiffs satisfied all eligibility requirements for promotion at the time of Defendants' illegal actions, and in the Court's view, Plaintiffs should not be required to repeat those requirements because Defendants' actions wrongly precluded them from being promoted.[2] Accordingly, the Court is not persuaded by Defendants' argument that Plaintiffs are ineligible for promotion for failing to meet the most recent testing requirements.

■ Weighing the remaining facts and circumstances of this case in light of the relevant factors, the Court concludes that Plaintiffs are entitled to be promoted to the next available vacant sergeant positions. Defendants have not alleged, and the Court finds no evidence of any animosity between Plaintiffs and Defendants that would militate against promoting them. Defendant Chaffinch testified that he bears no feelings of animosity toward either Plaintiff, and Plaintiffs likewise testified that they did not bear any animosity toward any of the Defendants. (Tr. C93–94, 180, 197, 220, 232–233). Further, Plaintiffs have advanced evidence, which is unrebutted by Defendants, that none of the duties of a sergeant, a position five ranks below Colonel, would involve regular daily contact with Defendant Chaffinch.[3] (C180–181, C233–234).

Defendants contend that promoting Plaintiffs would have injurious repercussions on innocent third parties, because Plaintiffs' promotion would displace eligible corporals who themselves are waiting for promotion. Courts are particularly reluctant to order a remedy that will have the effect of "bumping" an innocent, incumbent employee. *See Walsdorf v. Board of Commissioners of East Jefferson Levee District*, 857 F.2d 1047 (5th Cir.

---

**2.** Defendants direct the Court to *Patterson v. Portch*, 853 F.2d 1399 (7th Cir.1988) for the proposition that equitable remedies should be determined based on current conditions, rather than past conditions. The Court finds the circumstances in *Patterson* to be distinguishable from the circumstances in this case. In *Patterson*, the court concluded that reinstatement was not an appropriate remedy because, although the plaintiff's procedural due process rights were violated, he was "unfit" for the position in 1979 and still "unfit" at the time of the court's decision. Specifically, the *Patterson* court noted that the plaintiff had emotional problems, was unable to attract students to his class and was difficult to work with. The court found that these circumstances justified the college's decision to terminate the plaintiff for cause and to reinstate him would put him in a better position than he would have been in if his procedural due process rights had not been violated. By contrast, the jury in this case found that Plaintiffs were qualified for the positions they sought.

And, unlike the circumstances in *Patterson*, the remedy of instatement in this case will return Plaintiffs to the positions they would have occupied but for Defendants' illegal discrimination. Thus, Plaintiffs here are not receiving a windfall, but are being returned to what would have been the status quo had they not been victims of Defendants' illegal discrimination.

**3.** Defendants also suggest that Plaintiffs will experience resentment from their peers for bumping eligible corporals from their slots on the promotion list. However, Defendants advance no evidence to support their contention. Indeed, it appears to the Court that Plaintiffs' lawsuit was supported by their peers as evidenced by the favorable position taken by the Delaware State Troopers Association regarding Plaintiffs' lawsuit. (D.I. 148, Tab A–Giles Declaration). Further, the relevant inquiry is whether there is animosity between the plaintiff and the defendant, not the plaintiff and his or her co-workers.

1988); *Kraemer v. Franklin and Marshall College*, 941 F.Supp. 479, 483 (E.D.Pa. 1996) (collecting cases and noting that "circuit courts agree that reinstatement is not an appropriate remedy if it requires bumping or displacing an innocent employee in favor of the plaintiff who would have held the job but for the illegal discrimination"). In the circumstances of this case, the Court is not persuaded that promoting Plaintiffs to the next available sergeant position would have the type of detrimental effect contemplated by the case law on this issue. Specifically, it appears to the Court that the relevant case law refers to the displacement of employees who already occupy the disputed positions and not necessarily to the group of employees who might be eligible for such positions, but do not yet actually hold them. Indeed, Plaintiffs do not seek to displace anyone who currently holds a sergeant position. Rather, Plaintiffs have indicated a willingness to wait for the next available position to open, regardless of where that position is within the DSP. *See e.g. James v. Norton*, 176 F.Supp.2d 385, 391 (E.D.Pa.2001) (recognizing that "next available position" condition is typically used to avoid bumping an incumbent who already occupies a position). Further, the Court agrees with Plaintiffs that there would always have been two less positions available for eligible promotion candidates had Defendants not acted in a discriminatory manner and promoted Plaintiffs in the last quarter of 2001. Stated another way, the number of vacancies for sergeant positions is overstated by two as a result of Defendants' illegal discrimination.

Defendants direct the Court to *Stana v. Dist. of Pittsburgh*, 775 F.2d 122, 125–127 (3d Cir.1985) for the proposition that a person has a due process property interest in his or her place on an eligibility list that is a prerequisite to obtaining a certain position. The Court understands that any corporals on the eligibility list may be pushed further back, but even if the Court were to consider this to be the type of bumping contemplated by the case law, the Court concludes that Plaintiffs are entitled to instatement. When bumping an innocent employee may result from a plaintiff's instatement, the Court must engage in a balancing analysis to determine whether instatement is still appropriate. *See e.g. Fuhr v. School District of the City of Hazel Park*, 364 F.3d 753, 760–761 (6th Cir.2004) (affirming district court's decision to reinstate plaintiff after balancing hardships to plaintiff, defendant and incumbent employee); *Allen v. Barram*, 215 F.Supp.2d 184, 189–191 (D.D.C.2002) (ordering reinstatement even though bumping higher scoring applicants would result after balancing circumstances); *Carr v. The Fort Morgan School District*, 4 F.Supp.2d 989, 993–995 (D.Colo.1998) (ordering instatement after balancing circumstances in an ADA case). In this case, those corporals who are on the eligibility list may not necessarily be denied a promotion, when Plaintiffs are awarded the next available sergeant slots, depending on the vacancies that arise within the DSP. Further, some corporals may be denied a promotion if the list expires and vacancies do not arise. Here, Plaintiffs have not just been deprived of a slot on the eligibility list, but have been deprived of obtaining the actual positions they sought as a result of Defendants' illegal actions. On balance, the Court finds that these circumstances favor Plaintiffs' position such that they should be awarded the next available vacancies, even if that will delay the promotions of other corporals on the waiting list.

Defendants also contend that the immediate promotion of Plaintiffs would cause undue disruption at the DSP. However, as the Court has noted, Plaintiffs are willing to wait for the next available positions wherever they may be. Further, the rec-

ord demonstrates that promotions at the DSP are made on a regular basis, including on an individual basis when warranted, and that the DSP has flexibility with regard to its placement of officers. (PX 5, 57; B580, 913–914, 1042–1043). Moreover, once they are promoted, the DSP retains the authority to assign Plaintiffs wherever they are needed and to transfer them among existing assignments if operational needs dictate, and Plaintiffs realize such placements and/or transfers can occur. Plaintiffs want to be sergeants and are willing to move wherever they are needed to ensure the smooth flow of operations at the DSP. Accordingly, the Court is not persuaded that promoting Plaintiffs to the next available position would cause undue disruption to the workings of the DSP.

Defendants also contend that Plaintiffs cannot be promoted because there are no sergeant positions available which are comparable, "i.e. which require the same set of skills, knowledge, and experience," to those which the jury found Plaintiffs should have occupied. (D.I. 141 at 6). The "standard for determining the feasibility of reinstatement is whether a position exists that is 'comparable' to plaintiff's prior position." *Zampino v. Supermarkets General Corp.*, 821 F.Supp. 1067, 1071 (E.D.Pa.1993). "[T]he exact position ... need not be available to enable proper reinstatement, [instead only] a comparable position must be available." *Id.* at 1069. In the Court's view, Defendants' concern appears to be with finding an identical position to the one the jury identified, rather than a comparable position. The evidence demonstrates that there are approximately 80 sergeant positions in the DSP. Plaintiffs have been lauded by their superiors and in their performance reviews as being highly recommended for promotion, and the Court is not persuaded by Defendants' argument that no comparable positions can be found for Plaintiffs. (PX 24–27, 61–62, 64, Tr. C156–157, 160–165,

182–186, 202–204, 207–210, 220–228). Further, as the Court previously noted, the DSP retains the authority to make personnel changes once Plaintiffs are promoted if they believe Plaintiffs would be better suited to another sergeant position that becomes available.

Defendants maintain that instatement is unnecessary, because an award of front pay is sufficient to make Plaintiffs whole. Based on the circumstances in this case, the Court disagrees. As the Third Circuit has recognized:

> When a person loses his job, it is at best disingenuous to say that money damages can suffice to make that person whole. The psychological benefits of work are intangible, yet they are real and cannot be ignored.

*Squires,* 54 F.3d at 173. In this case, the Court is persuaded that Plaintiffs have a genuine interest in becoming sergeants that cannot be satisfied by money damages. In making this finding that Court notes Plaintiffs' testimony concerning their feelings toward their jobs and their reasons for pursuing the rank of sergeant. (B645, 685). Plaintiffs would have occupied these positions absent Defendants' illegal discrimination, and the Court is not persuaded by Defendants' argument that front pay is an adequate remedy.

In sum, the Court concludes that no special circumstances militate against instating Plaintiffs to the next available sergeant positions. The Court finds that instating Plaintiffs will deter employers from engaging in discriminatory conduct, and the Court is persuaded that the remaining factors weigh in favor of instatement. Accordingly, the Court will grant Plaintiffs' Motion and order the Defendants to instate Plaintiffs to the next available sergeant positions and to make their promotions retroactive to December 1, 2001,

for purposes of their benefits, pension and seniority rights.

## CONCLUSION

For the reasons discussed, the Court will grant Plaintiffs' Post Trial Motion To Promote Them To The Rank Of Sergeant In The Delaware State Police And For Other Post Trial Relief to the extent that it requests the Court to order instatement of Plaintiffs to the next available sergeant positions and order Defendants to set Plaintiffs' promotion date retroactively as December 1, 2001, for pensions, benefits and seniority rights. The Court will also deny as moot Plaintiffs' Motion to the extent that it seeks injunctive relief pertaining to the use of racial quotas.

An appropriate Order will be entered.

## *ORDER*

At Wilmington, this 24th day of September 2004, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. Plaintiffs' Post Trial Motion To Promote Them To The Rank Of Sergeant In The Delaware State Police And For Other Post Trial Relief (D.I. 123) is GRANTED to the extent that it requests instatement of Plaintiffs, and DENIED AS MOOT to the extent that it seeks injunctive relief pertaining to the use of racial quotas.

2. Defendants are ordered to instate Plaintiffs to the next available sergeant positions at the Delaware State Police.

3. Defendants are ordered to set Plaintiffs' promotion dates retroactively as December 1, 2001, for all benefit, pension and seniority purposes.