United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 1, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-11039
Summary Calendar

_____

BARBARA A. WEBSTER,

Plaintiff-Appellant,

versus

BASS ENTERPRISES PRODUCTION CO.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CV-2109-N

_____

Before JOLLY, HIGGINBOTHAM, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Barbara Webster filed suit against Bass Enterprises Production Company ("Bass"), claiming that her termination by Bass violated various provisions of Title VII of the Civil Rights Act of 1964.[1] Webster appeals the front-pay and back-pay awards ordered by the district court after the jury found in her favor

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]42 U.S.C. § 2000e, *et. seq.*

-1-

on her claim of retaliatory discharge.

Front-pay is an equitable remedy awarded to a plaintiff following a wrongful discharge in order to compensate for lost future earnings.[2] We review the district court's award of front-pay for an abuse of discretion.[3] A district court abuses its discretion when it bases its decision upon an erroneous view of the law or a clearly erroneous view of the evidence.[4]

Webster argues that the district court abused its discretion by failing to employ a sequential analysis in calculating her front-pay award of $11,000.[5] We can find no authority, and Webster fails to direct us to any, mandating the use of a sequential analysis when calculating front-pay awards. However, authority abounds for the proposition that front-pay calculations are matters inherently within the discretion of the trial court.[6]

---

[2]*Giles v. Gen. Elec. Co.*, 245 F.3d 474, 489 n.27 (5th Cir. 2001).

[3]Id. at 489.

[4]*Esmark Apparel, Inc. v. James*, 10 F.3d 1156, 1163 (5th Cir. 1994).

[5]The seven-step sequential analysis urged by Webster is set forth in *Fournerat v. Beaumont Indep. School Dist.*, 6 F.Supp. 2d 612, 614 (E.D. Tex. 1998).

[6]*See Reneau v. Wayne Griffin & Sons, Inc.*, 945 F.2d 869, 870 (5th Cir. 1991)(finding that front-pay calculations cannot be totally accurate because they are prospective and necessarily speculative in nature, requiring district courts to apply "intelligent guesswork" to arrive at the best answer); *Sellers v. Delgado*, 781 F.2d 503, 505 (5th Cir. 1986)(finding that front-pay can only be calculated through intelligent guesswork, and recognizing its speculative character by according wide latitude in

When reviewing awards of front-pay for an abuse of discretion, we have considered such factors as whether the time period used to calculate the award was overly speculative, whether the court discounted the final award to present value, whether the court accounted for interim earnings in making its calculation, and whether the award is reasonable under the facts of the case.[7] We have never held, however, that consideration of any one factor or group of factors is mandatory when calculating front-pay awards.

In the present case, Webster fails to point to any evidence that the district court neglected to take these or any other factors into consideration. Rather, she relies solely upon her contention that the court was obligated to rigidly employ a sequential analysis. As no such requirement exists, we cannot say that the court abused its discretion in making its calculations. Furthermore, her argument regarding the amount of front-pay owed her under the sequential method is unsupported by any legal or factual analysis, and therefore cannot be considered on review.[8] Accordingly, the front-pay award is AFFIRMED, and Webster's motion to supplement the record and file an amended

_____

its determination to the district courts).

[7] *See Deloach v. Delchamps, Inc.*, 897 F.2d 815, 822-23 (5th Cir. 1990); *Giles*, 245 F.3d at 489 n.27.

[8] *N.W. Enter. Inc. v. City of Houston*, 352 F.3d 162, 183 n.24 (5th Cir. 2003).

brief is DENIED.[9]

Webster also argues that the court's award of $11,000 in back pay was erroneous because it failed to encompass her lost earnings during the relevant time period. The record reflects that Webster filed no post-judgment motions. Failure to challenge a back pay award in a post-judgment motion will result in waiver of the issue on appeal unless exceptional circumstances exist.[10] Exceptional circumstances exist when a pure question of law is asserted, and the error is so obvious that the failure to consider it would result in a miscarriage of justice.[11] Calculation of back pay awards is a highly fact-bound inquiry. In addition, the record contains evidence that Webster's back pay loss was $10,000. Given these considerations, we find that exceptional circumstances are not present in this case. Accordingly, the judgment of the district court regarding back pay is AFFIRMED. Because we affirm the trial court's ruling in

---

[9]*See Habets v. Waste Mgmt., Inc.*, 363 F.3d 378, 385 (5th Cir. 2004)(denying motion to supplement where "such additional materials are not necessary or appropriate for" the court's decision).

[10]*See Vargas v. Lee*, 317 F.3d 498, 500 n.1 (5th Cir. 2003); *Bueno v. City of Donna*, 714 F.2d 484, 493-94 (5th Cir. 1983).

[11]*Pounds Photographic Labs, Inc. v. Noritsu Am. Corp.*, 818 F.2d 1219, 1226 (5th Cir. 1987); *see also Lincoln v. Case*, 340 F.3d 283, 290 (5th Cir. 2003)(when reviewing for plain error, appellate court must uphold the verdict if there is any evidence to support it).

full, Webster's request for attorney's fees is DENIED.[12]

The judgment of the trial court is AFFIRMED, and all MOTIONS are DENIED.

---

[12]*Habets*, 363 F.3d at 385 (denying motion for attorney's fees when affirming trial court's ruling).