# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 23, 2020

Lyle W. Cayce
Clerk

No. 20-30327
Summary Calendar

Keonte Cotton,

*Plaintiff—Appellant*,

*versus*

WalMart, Co-Manager, Amin Russell; Desmond Zenon, WalMart Store Manager; Kendall Pringle, Human Resources Manager; Amin Russell,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-80

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:[*]

This case arises from the firing of Keonte Cotton after she reported an affair between her co-manager and a fellow employee to her superiors at WalMart. The district court dismissed Cotton's claims under Title VII of

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30327

the Civil Rights Act and the Age Discrimination in Employment Act for failing to state a claim upon which relief can be granted and for filing an untimely complaint.  Because Cotton failed to file her complaint on time, we AFFIRM.

## I.

Cotton is a former WalMart employee proceeding *pro se* and *in forma pauperis*.  In the district court, Cotton submitted a standardized complaint form and checked the boxes indicating that she was pursuing claims under both Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et seq.*, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621 *et seq*.  Cotton included in her complaint a statement that she was retaliated against by WalMart after she reported that a co-manager was having an affair with another employee.  She alleges that this retaliation took the form of being taken off the schedule for a time, being assigned manager-level work without an accompanying promotion, being followed around and harassed, and ultimately fired from her position at WalMart.  On her complaint, Cotton checked the boxes indicating that she alleged discrimination on the basis of race, color, and gender/sex.

Her complaint also alleges that she visited with Fred Lewis of the Equal Employment Opportunity Commission, who told her that she had a "good case" and that WalMart was likely to settle.  However, Cotton further alleges that Lewis never communicated with her regarding her case and entered erroneous information into her EEOC investigative file.  Cotton filed a charge of discrimination with the EEOC on June 3, 2019, and she was issued a Notice-of-Right-to-Sue letter on September 12, 2019.  However, she did not file her complaint with the district court until January 9, 2020.

The defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Cotton had not adequately exhausted her

administrative remedies, had failed to allege proper facts for her claims, and had failed to file a timely complaint. Cotton did not file a response to the motion to dismiss, and the magistrate judge handling the case recommended that the district court dismiss Cotton's claims. He also instructed Cotton to file written objections to the proposed findings and recommendation within fourteen days, lest she lose her right to object to the court's factual findings and legal conclusions on appeal should the district court adopt the recommendation. Cotton failed to file those written objections, and the district court adopted the magistrate judge's recommendation and dismissed Cotton's claim. Cotton now appeals the district court's decision.

## II.

Because Cotton did not file written objections to the magistrate judge's findings and recommendation, our review on appeal is limited to plain error. *See Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

We need not address the merits of Cotton's claims against WalMart because her complaint was untimely. After a claimant receives a Notice-of-Right-to-Sue from the EEOC, Title VII permits them ninety days to file a complaint. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). The ADEA similarly provides ninety days for a claimant to file a complaint after their charge of discrimination is dismissed or otherwise terminated by the EEOC, such as through a Notice-of-Right-to-Sue letter. *See Julian v. City of Houston*, 314 F.3d 721, 726 (5th Cir. 2002). These timing restrictions are not jurisdictional limitations on our ability to hear the case; rather they are "claim-processing rules, which 'seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times.'" *Davis v. Fort Bend Cnty.*, 139 S. Ct. 1843, 1849 (2019) (quoting *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)).

Here, Cotton received her Notice on September 12, 2019. She had until December 11, 2019 to file her complaint with the district court, but she failed to file until January 9, 2020. Thus, unless there is some basis for tolling the statute, Cotton's claims are time barred. *See Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

We find no plain error in the district court's conclusion that tolling was inappropriate in this case. The district court determined that the only possible basis for tolling was Cotton's allegation that she did not receive her investigative file from the EEOC until December 3, 2019. Accepting Cotton's allegation as true, the district court concluded that this still left Cotton with eight days to file her complaint. Moreover, the complaint form Cotton used did not actually require her to have or attach her investigative file in order to file the complaint. It is also unclear whether Cotton received her investigative file on December 3, or whether it came at an earlier date. Attached to her complaint was a copy of a letter from the EEOC dated October 23, 2019 responding to Cotton's request for "file disclosure" and transmitting her file to her.

Under these circumstances, the district court did not err, much less plainly err. We therefore AFFIRM the district court's dismissal of Cotton's claim as untimely.